WILLIAM MONTSDOCA, *Plaintiff in Error*, v. THE HIGHLANDS
BANK & TRUST COMPANY, A CORPORATION, *Defendant in
Error*.

Opinion Filed February 9, 1923.

Petition for Rehearing Denied February 24, 1923.

1. Section 4784, Revised General Statutes of 1920, provides that
when a check is deposited in a bank for collection, "it shall be
considered due diligence" to forward the check en route "with-
out delay in the usual commercial way in use according to the
regular course of business of banks," and that the maker of
the check "shall be liable to the bank until actual final pay-
ment is received," and that when a bank receives a check for
collection and forwards the same for collection as above
stated, the bank "shall only be liable after actual final pay-
ment is received by it except in case of want of due diligence
on its part as aforesaid." It was shown that a check drawn
in K. City was deposited for collection in the defendant
bank in H., perhaps after usual banking hours on June 11th,
and the item entered in the depositor's pass book on that date;
that the usual course of business is to put in the bank's vault
checks received after banking hours and to include them in
the next day's business; that the check was entered in the
remittances of June 12th, "but the last train carrying mail on
June 12th left H., about 11 a. m. before the conclusion of the
day's business, and June 13th being Sunday, the next mail
train left H., about 8 a. m. Monday June 14th, on which train
the remittance left H.; that the remittance was sent to a
bank in J., City and from there forwarded to S., bank in K.
City for collection; that payment was made by O. to S. Bank,
but S. Bank was closed by State officials before the proceeds
of the check were remitted to the bank in J. City to be
forwarded to the bank in H., where the deposit for collection
was made. The trial judge (a jury being waived) found "that
the defendant bank has shown due diligence under the pro-
visions of the statute with reference to the handling of the
check" and rendered judgment for the defendant. *Held*, the

VOL. 85, JANUARY TERM, 1923.        159

Montsdoca v. The Highlands Bank & Trust Co.—Opinion of Court.

finding made, being predicated. upon sufficient evidence, warranted the judgment rendered, and the finding is now shown to be clearly wrong, therefore the judgment is affirmed.·

2. The doctrine of estoppel and waiver do not in general apply in transactions that are forbidden by statute or that are contrary to public policy.

A Writ of Error to the Circuit Court for Highlands County; George W. Whitehurst, Judge.

Affirmed.

*Johnston & Garrett,* for Plaintiff in Error;

*Fairfax T. Haskins* and *Treadwell & Treadwell,* for Defendant in Error.

WHITFIELD, J.—In an action to recover the amount of a check deposited in a bank for collection from a bank in another county of the State, trial was had before the judge, a jury having been waived.

It was stipulated that on Friday, June 11, 1920, the plaintiff deposited in the defendant bank in Sebring, DeSoto County, Florida, a check drawn on the Bank of Osceola County in Kissimmee, Florida; that no special contract was made as to the transaction; that the deposit was entered in plaintiff's pass book as of June 11, 1920; that the check shows stamps of a Jacksonville bank dated June 15, 1920, and of the State Bank of Kissimmee, Kissimmee, Florida, dated June 16, 1920; that the State Bank of Kissimmee collected the amount of the check from the Bank of Osceola County in Kissimmee on June 16, 1920, ''the check having been forwarded originally from the Highlands Bank & Trust Company to its Jacksonville deposi-

tory, the Atlantic National Bank of Jacksonville, Florida, and by it to the State Bank of Kissimmee, Florida, for collection from the Bank of Osceola County, Kissimmee, Florida;'' that on June 16, 1920, before the State Bank of Kissimmee had remitted the proceeds of the check it had collected from the Bank of Osceola County, the State Bank of Kissimmee was closed by order of the Comptroller of the State of Florida, and the proceeds of said collection is now in the hands of the receiver of the State Bank of Kissimmee. There is evidence that the check was entered on the remittance sheet of the bank addressed to the Jacksonville bank on June 12, 1920, and that checks received on deposit after banking hours are placed in the vault of the bank and entered in the business of the next day. It appears that the mail train left Sebring about 11 A. M. Saturday, and that the next mail train going north left Sebring about 8 A. M. on Monday, June 14, 1920. Kissimmee is north of Sebring and Jacksonville is north of Kissimmee in the State of Florida. The court made specific findings and gave judgment for the defendant. Plaintiff took writ of error.

Section 4748, Revised General Statutes, 1920, is as follows: ''That when a check, draft, note or other negotiable instrument is deposited in a bank for credit, or for collection, it shall be considered due diligence on the part of the bank in the collection of any check, draft, note or other negotiable instrument so deposited, to forward en · route the same without delay in the usual commercial way in use according to the regular course of business of banks, and that the maker, endorser, guarantor or surety of any check, draft, note or other negotiable instrument, so deposited, shall be liable to the bank until actual final payment is received, and that when a bank receives for collection any check, draft, note or other negotiable instrument and forwards the same for collection, as herein provided, it shall

VOL. 85, JANUARY TERM, 1923.        161

Montsdoca v. The Highlands Bank & Trust Co.—Opinion of Court.

only be liable after actual final payment is received by it except in case of want of due diligence on its part as aforesaid.'' This statute makes the bank in which a check is deposited for deposit or collection liable only ''after actual final payment is received by it,'' unless it is negligent in its duty ''according to the regular course of business of banks.''

If the person receiving a check and the bank on which it is drawn are in different places, it must be forwarded, for presentment, by mail or other usual mode of transmission, on the next day after the receipt thereof at the place in which the payee resides or does business, if reasonably and conveniently practicable; and, if it is not so practicable, then by the next mail, or other similar means of conveyance, leaving after said date.'' Lewis Hubbard & Co. v. Montgomery Supply Co., 59 W. Va. 75, 52 S. E. Rep. 1017, 4 L. R. A. (N. S.) 132.

The main question to be determined under the statute is whether there was negligence on the part of the defendant bank in not sending the check out for collection by the mail train which left Sebring about 11 A. M. Saturday, June 13, 1920. There are circumstances from which the trial judge may have inferred that, though the check was credited on the plaintiff's pass book on June 11, it was in fact delivered to the bank after banking hours on the 11th and was put in the business of the 12th, and that the check was not sent out on the 11 A. M. train on Saturday as the business of the day was not then through. There is also every evidence from which the trial judge could have expressly and specifically found, as he did, ''that the defendant has shown due diligence under the provisions of R. G. S. 4748 with reference to the handling of the check.''

The trial judge in effect found on supporting evidence

that the defendant forwarded the check "en route" "with-out delay in the usual commercial way in use according to the regular course of business of banks," and that there was no "want of due diligence" on the part of the defend-ant within the meaning of the statute above quoted. This in effect is a finding that the attempted collection through a Jacksonville bank was "the usual commercial way in use according to the regular course of business of banks." This finding being upon sufficient evidence, warranted the judg-ment for the defendant; and the finding is not here shown to be clearly wrong on the evidence and the law. See Giban v. Bank of Alexandria, (Tenn. Chan.) 52 S. W. Rep. 723, 47 L. R. A. 270; Lewis, Hubbard & Co. v. Montgomery Sup-ply Co., 59 W. Va. 75, 52 S. E. Rep. 1017, 4 L. R. A. (N. S.) 132 and Notes; 1 Morse on Banks & Banking, p. 476. See also Pinkey V. Kanawha Valley Bank, 68 W. Va. 254, 69 S. E. Rep. 1012, 32 L. R. A. (N. S.) 987. For an allum-inating discussion of the general subject, see Mallory v. Federal Reserve Bank of Richmond, 281 Fed. Rep. 997. See also 7 C. J. 619; 3 R. C. L. 610, 622; Williston on Con-tracts, Sec. 1019, p. 1918; 52 L. R. A. (N. S.) 608 Notes; Exchange Nat. Bank of Pittsburgh v. Third Nat. Bank of New York, 112 U. S. 276, 5 Sup. Ct. Rep. 141.

The above quoted statute controls and the decision in Brown v. People's Bank for Savings of St. Augustine, 59 Fla. 163, 52 South. Rep. 719, 52 L. R. A. (N. S.) 608, is not applicable.

The title of the original Act, Chap. 5951, now Sec. 4748 Revised General Statutes, 1920, is a sufficient compliance with Sec. 16, Art. III of the Constitution. See Butler v. Perry, 67 Fla. 405, 66 South. Rep. 150; and cases cited.

The quoted statute having been re-enacted in the Revised General Statutes, 1920, the sufficiency of the title to the

original act is not now material. Carlton v. State, 63 Fla. 1,, 58 South. Rep. 486.

As to the duty of the Receiver of the Kissimmee State Bank which collected the amount of the check from the Osceola County Bank for remittance, see Collins v. State, 33 Fla. 429, 15 South. Rep. 214; Walker v. McNeil, 68 Fla. 181, 66 South. Rep. 994; 7 C. J. 626.

A special contract with reference to the collection of the check may not prevent the operation of the statute. See Whitfield v. Aetna Life Ins. Co. of Hartford, 205 U. S. 489, 27 Sup Ct. Rep. 578; National Union Fire Ins. Co. v. Wanberg, — U. S. —, 43 Sup. Ct. Rep. 32.

The doctrines of estoppel and waiver do not in general apply in transactions that are forbidden by statute or that are contrary to public policy.

Affirmed.

TAYLOR, C .J., AND ELLIS, BROWNE AND WEST, J. J., concur.

On Petition for Rehearing.

PER CURIAM.—In a petition for rehearing it is contended that the court overlooked testimony tending to show that the defendant bank acknowledged its liability to the plaintiff and that the bank had "destroyed plantiff's right of special deposit as against the receiver" of the bank that collected the check but failed before remitting the proceeds.

Even if these contentions are consistent with the bill of particulars made a part of each of the counts of the declaration and with the statute controlling the transaction of deposit for collection between the plaintiff and the defendant,

the attitude of the defendant does not "destroy" the plaintiff's right to a special deposit as to which he is the real party in interest, who may be estopped by his own acquiescence, even though he may not be estopped by the attitude of the defendant towards the special deposit held under the law by the receiver of the bank that collected the money.

Rehearing denied.

TAYLOR, C. J., AND WHITFIELD, ELLIS AND WEST, J. J., concur.