PER CURIAM.
Appellant instituted mandamus proceedings in the trial court to require the municipal appellee, through its appropriate officials, to issue to it an alcoholic beverage license within 1,500 feet of existing churches. The trial judge refused to issue either the alternative or the peremptory writ, and dismissed the cause. We affirm.
*676 No clear legal duty appears on the municipality requiring it to issue a beverage license to the relator but, to the contrary, the record affirmatively discloses that the City would be in violation of its own ordinances prohibiting the issuance of an alcoholic beverage license within 1,500 feet of a church.[1] In this connection, see: Banyan Cafeterias, Inc., No. 3 v. Faith Lutheran Church of Hialeah, Fla.App.1962, 141 So.2d 5; Banyan Cafeterias, Inc., No. 3 v. Faith Lutheran Church of Hialeah, Fla.1963, 151 So.2d 426.
Counsel for the appellant has also urged the doctrine of estoppel as being applicable in the instant case, even though it is conceded that to issue the license in question would violate the ordinances of the municipality. The Supreme Court of Florida has held that the doctrine of es-toppel is not applicable in transactions which are forbidden by statute or which are contrary to public policy. See: Montsdoca v. Highlands Bank & Trust Co., 85 Fla. 158, 95 So. 666. If the doctrine of estoppel is not applicable to transactions which are forbidden by statute, it should not be applicable to transactions or matters which are prohibited by municipal ordinances. This rule, applicable to prohibitory ordinances, would not necessarily be applicable to ordinances wherein the officials of a municipality had discretion in exercising their authority.
Therefore, for the reasons herein expressed, the action of the trial judge in denying the relief sought is hereby affirmed.
Affirmed.

. The City of Hialeah Code provides, in reference to distance requirement for an alcoholic beverage license such as is involved herein, the following:
“Sec. 5-24. Same — From churches and, schools.
“No license under section 5-29 shall be granted to a vendor whose place of business is within fifteen hundred feet of an established church, school or funeral home, which distance shall be measured by following the shortest route of ordinary pedestrian travel along the public thoroughfare from the main entrance of such place of business to the main entrance of the church and, in case of a school, to the nearest point of the school grounds in use as part of the school facilities.
# :}: :?c &
“Any licensee holding a license under section 5-29(7) may sell acoholic beverages authorized by such exception license within fifteen hundred feet of an established funeral home, but shall not be authorized to sell alcoholic beverages within fifteen hundred feet of schools or churches. * * * ”