164 So.2d 1 (1964)
CONFEDERATION LIFE ASSOCIATION, a Canadian corporation, also known as La Confederacion Del Canada, Petitioner,
v.
Leandro Goiricelaya UGALDE, Respondent.
Leandro Goiricelaya UGALDE, Cross-Petitioner,
v.
CONFEDERATION LIFE ASSOCIATION, a Canadian corporation, also known as La Confederacion Del Canada, Cross-Respondent.
Nos. 32780, 32803.
Supreme Court of Florida.
February 24, 1964.
Rehearing Denied April 8, 1964.
*2 Shutts, Bowen, Simmons, Prevatt & Boureau, Cotton Howell, Miami and Covington & Burling and John G. Laylin, Washington, D.C., for petitioner and cross-respondent.
Nestor Morales, Miami, for respondent and cross-petitioner.
CALDWELL, Justice.
Inasmuch as the District Court of Appeal, Third District, has certified this cause to this Court, as a decision passing "upon a question * * * of great public interest," we have jurisdiction.
Petitioner, a Canadian corporation, in 1948, issued a life insurance policy to the respondent, a resident of Havana, Cuba. The policy required that all sums payable thereunder be paid in Havana, Republic of Cuba, in legal currency of the United States. The policy was converted from one payable in dollars to a policy payable in pesos by the Legal Tender Law of 1948 (Cuban Law #13 of December 23, 1948, effective in 1951 by virtue of Cuban Decree #1384). The District Court of Appeal properly held the policy was a Cuban policy covered by Cuban law.
Some 13 years after the issuance of the policy, when requested to pay the cash surrender value, the company offered to pay in Cuban pesos in Havana, but refused to pay in United States dollars. The insured sued in Dade County, Florida. Both parties moved for summary judgment. Plaintiff's motion was not augmented by evidentiary matter. Defendant's motion was supported by an affidavit to the effect that it was authorized and required to pay the obligation in Cuban legal tender. Summary judgment was entered against defendant requiring payment in dollars of the cash surrender value of the policy as of March 15, 1962. The District Court of Appeal, Third District, affirmed judgment for the plaintiff, but remanded with directions to enter judgment for the plaintiff in dollars "for such sum as shall represent and equal the value, based on the rate of exchange on the date of the original demand, of the 13,825.53 Cuban pesos * * * the demanded cash surrender value under the policy."[1]
The District Court of Appeal opinion, supra, includes an adequate statement of facts and a scholarly and extended treatment of applicable law. We disagree with the judgment of the District Court but, to obviate burdensome repetition, we refer to the authorities cited in and the rationale of that opinion with approval. A similar cause was considered by the Louisiana Court of Appeal.[2]
The Cuban laws relating to the establishment of currency control are similar to those which have been enacted in this country with respect to our own currency and are not violative of United States policy. The Florida Courts are obligated by the International Monetary Fund Agreement[3] to apply the cited Cuban laws to the contract here involved.
The petitioner having, upon demand, offered to make payment of the cash surrender value of the policy in accordance with the terms of the contract and the law of Cuba, which governs it, in Cuban pesos in Havana, there was no breach of contract and no cause of action against the petitioner. That portion of the judgment of the District Court of Appeal which directed the entry of the judgment for the plaintiff is reversed and the cause remanded with instructions that the Circuit Court be directed to dismiss the complaint.
It is so ordered.
DREW, C.J., and THOMAS, ROBERTS, THORNAL and O'CONNELL, JJ., concur.

*3 ON PETITION FOR REHEARING
PER CURIAM.
By petition for rehearing the respondent points out that the Louisiana Court of Appeal decision in Theye Y. Ajuria v. Pan American Life Insurance Company, 154 So.2d 450, was reversed by the Supreme Court of Louisiana on February 24, 1964, 161 So.2d 70. The opinion of the Louisiana Court of Appeal was not vital to our original decision, so the reversal by the Supreme Court of that state does not change our conclusion. The petition for rehearing is therefore denied.
DREW, C.J., and THOMAS, ROBERTS, THORNAL, O'CONNELL and CALDWELL, JJ., concur.
NOTES
[1] 151 So.2d 315 (Fla.App.3rd 1963).
[2] Theye Y Ajuria v. Pan American Life Insurance Co., 154 So.2d 450 (La. App. 4th 1963).
[3] Dec. 27, 1945, 60 Stat. 1401, T.I.A.S. 1501.