254 So.2d 45 (1971)
CONFEDERATION LIFE ASSOCIATION, a Canadian Corporation, Appellant,
v.
Reyes Arida CONTE, Appellee.
No. 71-24.
District Court of Appeal of Florida, Third District.
October 26, 1971.
Rehearing Denied November 23, 1971.
Shutts & Bowen, and Phillip G. Newcomm, Miami, for appellant.
Gary F. Canner, Lyons, Canner & Smith, P.A., Miami, for appellee.
Before SWANN, C.J., and CHARLES CARROLL and BARKDULL, JJ.
PER CURIAM.
Confederation Life Association, a Canadian corporation, appeals from a summary final judgment for plaintiff, Reyes Arida Conte.
Conte sued the Association and alleged it issued to him in Havana, Cuba, a 20 year endowment policy in the sum of $4,000.00; that he made the yearly payments for *46 twenty years to the association; that he was now a resident of Miami, Dade County, Florida; that he demanded payment of $4,000.00 (the matured value of the policy) but the defendant refused and still refuses to pay except in Cuban pesos in Havana, Cuba. He alleged that because a communist revolutionary government seized power in Cuba in 1959 and because plaintiff was classified as an enemy of the state by that government, by reason of his democratic ideals, the plaintiff was forced to flee Cuba; that plaintiff could not return to Cuba because of fear for his life or imprisonment as an enemy of the state; that any sum payable to him in Cuba would be immediately confiscated by the Cuban government and it would be a futile act to attempt to accept payment in Cuba; that plaintiff had no adequate remedy at law and, therefore, prayed that the court of equity order defendant to pay him the sum of $4,000.00 U.S. dollars, together with attorneys' fees, in the United States, pursuant to the subject insurance policy in order to prevent the defendant from being unjustly enriched.
The motion of the Association to dismiss the complaint for failure to state a cause of action was denied. In its answer the defendant admitted the policy was issued to plaintiff in Havana, Cuba but generally denied the rest of the allegations in the complaint and set forth various affirmative defenses. Plaintiff filed a motion for final summary judgment, together with a supporting affidavit. Defendant filed opposing affidavits, showing certain facts in support of its answer and certain of its affirmative defenses.
The trial court heard argument on the motion for final summary judgment and entered a summary final judgment for plaintiff and against the defendant, in the amount of $4,000.00 U.S. dollars, together with court costs. The court reserved jurisdiction for the purpose of awarding attorneys' fees to counsel for the plaintiff. The defendant's motion for rehearing and modification of final summary judgment was denied. The defendant filed its notice of appeal and the cause is now before us.
Our examination shows this insurance policy was issued to a Cuban resident, in Cuba, and that all premium payments were made in Cuba. There is some dispute as to whether the premium payments were made in pesos or in dollars but this would not create a material issue of fact because even if it were established that the insured paid and the company accepted dollars after the passage of certain Cuban currency laws, this would be insufficient to invoke an estoppel as each party would have been guilty of a violation of law. See Montsdoca v. Highlands Bank & Trust Co., 85 Fla. 158, 95 So. 666 (1923); and Northwestern National Casualty Company v. McNulty, 307 F.2d 432 (5 Cir.1962).
The insured moved to Florida and demanded the association pay him the matured value of the endowment policy in dollars in Florida. It refused but offered to pay him only in pesos in Havana, Cuba. He sued in equity and recovered a judgment for the matured value of the policy in dollars.
We are unable to discover a second contract with a situs in the United States under these facts. See Confederation Life Association v. Vega y Arminan, Fla.App. 1968, 207 So.2d 33, aff'd Fla. 1968, 211 So.2d 169. We hold the second contract theory pronounced in Vega does not apply to the facts herein.
The Association cannot escape from its obligation by attempting to require a Cuban resident who has fled to the U.S.A. for his safety or life to return to Cuba to collect money obviously due under an insurance policy. Such conduct is clearly inequitable; cannot be countenanced and constitutes a breach of contract. Insurance contracts are transitory and the insured may sue, as here, in a jurisdiction other than where the policy was issued, or is to be performed. Confederation of Canada *47 L. Ins. Co. v. Vega y Arminan, Fla.App. 1962, 135 So.2d 867; cert. denied, Fla. 1962, 144 So.2d 805.
Since no second contract theory applies, the final judgment must be for plaintiff but should be in the dollar equivalent of the pesos due to plaintiff. See Johansen v. Confederation Life Association, 312 F. Supp. 1056, (S.D.N.Y. 1970); Confederation Life Association v. Ugalde, Fla.App. 1963, 151 So.2d 315, cert. granted, Fla. 1964, 164 So.2d 1 (rev'd on other grounds), cert. denied 379 U.S. 915, 85 S.Ct. 263, 13 L.Ed.2d 186 (1964).
Judgment for plaintiff is affirmed but that part of the judgment expressed in U.S. dollars is reversed.
On remand judgment for plaintiff for the matured value of the policy should be expressed in a dollar value equivalent to the proper conversion rate from pesos. See United States Life Insurance Company v. Alonso, Fla.App., 1967, 201 So.2d 577.
Affirmed in part; reversed in part.
SWANN, Chief Judge.
I concur in part and dissent in part.
In addition to the second contract principle pronounced in Vega, 207 So.2d 33, we held that Cuba had withdrawn from the International Monetary Fund and the laws of a non-member nation are not given extraterritorial effect under the terms of the Bretton Woods Agreement.
We approved, in Vega, a decree which held that provisions for payment of insurance proceeds in Havana, Cuba were for the convenience of the parties only and held that such clauses were not a bar to recovery in Florida. Cf. Gonzalez y Comejo v. Sun Life Assurance Co. of Canada, 313 F. Supp. 1011 (D.C.Puerto Rico 1970).
In addition, I think we can take judicial notice that it would be impossible for a Cuban who has fled to the U.S.A. from Cuba to return thereto, collect pesos due under an insurance policy in Havana, and safely return to the United States with his property. See 17 Am.Jur.2d Contracts § 420.
I would affirm the final judgment.