254 So.2d 57 (1971)
Brenda Davis DUPREY, Appellant,
v.
UNITED SERVICES AUTOMOBILE ASSOCIATION et al., Appellees.
No. O-272.
District Court of Appeal of Florida, First District.
November 4, 1971.
*58 Walter L. Robison, of Mathews, Osborne & Ehrlich, Jacksonville, for appellant.
Boyd, Jenerette, Leemis & Staas, and Ellis E. Neder, Jr., of Sears, Dunlap & Sears, Jacksonville, for appellees.
JOHNSON, Judge.
This is an appeal by the plaintiff below from a final summary judgment in favor of defendant-appellee.
Appellant filed an action against appellee alleging that her automobile insurance policy with appellee was in full force and effect on the date of an accident in which appellant was involved while driving a car she had borrowed from her brother. The appellee answered by denying coverage for the reason that appellant was operating a vehicle furnished for her regular use for which no coverage was afforded. The policy, in addition to covering the car named in the policy, extended coverage to the insured when the insured was engaged in infrequent and casual use of an automobile other than the one described in the policy. Hence, the issue before the Court was whether the use of appellant's brother's automobile by appellant was one which was regular, for which no coverage was provided, or one which was infrequent and casual, for which coverage was extended.
It was established by the depositions of appellant and her brother that appellant's husband took the insured vehicle, a 1967 Oldsmobile, to Alabama for six weeks, returning home for weekend visits. About September 2, 1969, appellant, who was employed and needed transportation, secured the use of a car, a 1966 Mustang, from her brother who was originally to be out of town for a period of only two to three days. Said car was to be returned to the brother upon his return to Jacksonville. In fact, the brother did not return until five or six weeks later and appellant had almost unrestricted use of the Mustang until about a week after her accident on September 23, 1969.
Based upon the pleadings and depositions filed in this clause, both appellant and appellee moved for a summary judgment upon the ground that there was no genuine issue of material fact. The trial judge, finding that the evidence contained in the depositions of appellant and her brother was all the evidence which could be presented in the cause, entered final summary judgment in favor of appellee. We agree with said judgment.
It is elementary law that where the basic facts of a cause of action are clear and undisputed, there being only a question of law to be determined, it is proper for the trial judge to enter a summary judgment. Richmond v. Florida Power & Light Co., 58 So.2d 687 (Fla. 1952); Hawke v. Broward National Bank of Fort Lauderdale, 220 So.2d 678 (Fla. App. 4th, 1969). And, where a determination of a lawsuit depends upon the written instrument of the parties and the legal effect to be drawn therefrom, the question at issue is essentially one of law only, and ordinarily may be determinable by the entry of summary judgment. Kochan v. American Fire and Casualty Co., 200 So.2d 213 (Fla.App. 2nd, 1967), cert. den. 204 So.2d 329 (Fla. 1967); Shafer & Miller v. Miami Heart Institute, 237 So.2d 310 (Fla. App. 3rd, 1970).
It is our opinion that the facts, as established by the depositions filed, were clear, undisputed and amply supported the trial judge's conclusion of law that the Mustang driven by appellant at the time of her accident was one which was for her *59 regular use and was, therefore, excluded from coverage under appellee's policy of insurance.
The judgment appealed herein is accordingly affirmed.
RAWLS, Acting C.J., and McLANE, RALPH M., Associate Judge, concur.