272 So.2d 130 (1972)
Reyes Arida CONTE, Cross-Petitioner,
v.
CONFEDERATION LIFE ASSOCIATION, a Canadian Corporation, Cross-Respondent.
No. 41888.
Supreme Court of Florida.
July 19, 1972.
Rehearing Denied October 10, 1972.
Lyons, Canner & Smith, Miami, for cross-petitioner.
Phillip G. Newcomm, of Shutts & Bowen, Miami, for cross-respondent.
BOYD, Justice.
This cause came before us on petition and cross-petition for writ of certiorari to *131 review the decision of the District Court of Appeal, Third District, reported at 254 So.2d 45. The petition was denied without argument by Order dated April 4, 1972, 261 So.2d 177 (Fla.), and the cause retained for argument on the cross-petition.
Cross-petitioner questions the action of the District Court in reversing the trial court's award of $4,000.00 United States dollars, the face value of a twenty-year endowment contract issued by petitioner in Cuba. In reversing the portion of the judgment expressed in United States dollars for the plaintiff, the District Court stated:[1]
"On remand judgment for plaintiff for the matured value of the policy should be expressed in a dollar value equivalent to the proper conversion rate from pesos."
The foregoing holding of the District Court was rendered prior to this Court's decision in de Lara v. Confederation Life Association,[2] and is in conflict therewith. In de Lara, we held that beneficiaries under a life insurance policy issued in Cuba to a Cuban National could recover the face amount of the policy in the United States in United States dollars. In de Lara, as in the instant case, the policy provided that all sums payable under the policy "shall be paid in lawful currency of the United States of America." However, some years after the policy in the instant case and the one in de Lara were issued, Cuban monetary laws were enacted which required that all policies be payable in pesos only.
The Cuban monetary laws were held binding and effective in this country in Confederation Life Association v. Ugalde,[3] because of the International Monetary Fund Agreement. But Cuba withdrew from the International Monetary Fund Agreement effective April 2, 1964. Thereafter, this Court in Confederation Life Association v. Vega y Arminan,[4] approved the decision of the District Court of Appeal, Third District,[5] holding that since Cuba had withdrawn from the International Monetary Fund Agreement, Cuban laws would no longer be given extra-territorial effect under the terms of the Bretton Woods Agreement.
Accordingly, certiorari is granted and that portion of the District Court's opinion reversing the award of the face value of the policy in United States dollars, is quashed and the cause remanded with directions to reinstate the trial court's award in the amount of $4,000.00.
It is so ordered.
ROBERTS, C.J., and ERVIN, CARLTON, ADKINS, McCAIN and DEKLE, JJ., concur.
NOTES
[1] 254 So.2d 45, 47 (Fla.App.3rd 1971).
[2] 257 So.2d 42 (Fla. 1972).
[3] 164 So.2d 1 (Fla. 1964).
[4] 211 So.2d 169 (Fla. 1968).
[5] 207 So.2d 33 (Fla.App.3rd 1968).