355 So.2d 821 (1978)
AMERICAN MOTORISTS INS. CO., Appellant,
v.
Howard Seth WEINGARTEN, a Minor by His Next Friend and Natural Father, Charles Weingarten, and Charles Weingarten, Individually, Appellees.
No. GG-7.
District Court of Appeal of Florida, First District.
February 8, 1978.
Rehearing Denied March 23, 1978.
Cliff B. Gosney, Jr., of Gosney, Cameron & Parsons, Daytona Beach, for appellant.
Robyn Greene of Greene & Cooper, Miami, Arno Kutner of Preddy, Kutner & Hardy, Miami, and Dennis A. Koltun, Coral Gables, for appellees.
SMITH, Acting Chief Judge.
The insurer appeals from a summary judgment for the insured, finding that (a) underinsured motorist insurance to the extent of the bodily injury liability coverage was provided the insured who was not offered and did not reject coverage to that extent, as provided in Section 627.727(1), Florida Statutes (1975); and (b) the insured was entitled to stack the amounts of additional uninsured motorist coverage thus provided by the policy, which insured against bodily injury liability in respect to four vehicles. The insured testified without contradiction that he was not offered uninsured motorist coverage equal to the bodily injury liability coverage afforded, and therefore that he had not rejected such coverage. The insured did not sign a written rejection of additional uninsured motorist coverage, and the only countervailing evidence was testimony by the agent, who testified only that his general practice was to offer insureds uninsured motorist coverage in accordance with Section 627.727(1).
We agree with the trial court that there was no genuine issue as to any material fact; that an informed rejection of additional uninsured motorist coverage cannot, without extrinsic evidence, be implied from the insured's signature on an application for uninsured motorist coverage to lower limits; that the insurer otherwise offered no competent evidence that the insured rejected the additional coverage required by Section 627.727(1); and that the insured is entitled to judgment as a matter of law. Aetna Cas. & Surety Co. v. Green, 327 So.2d 65 (Fla. 1st DCA 1976), cert. denied, 336 So.2d 1179 (Fla. 1976); Government Employees Ins. Co. v. Farmer, 330 So.2d 236 (Fla. 1st DCA 1976), cert. denied, 342 So.2d 1101 (Fla. 1977); Hunt v. State Farm Mut. Ins. Co., 349 So.2d 642 (Fla. 1st DCA 1977).
Appellees' petition for fees on account of appellate legal services is granted, the amount to be determined and awarded in the trial court.
AFFIRMED.
ERVIN and BOOTH, JJ., concur.