361 So.2d 814 (1978)
SHERBA BROS., INC., a Florida Corporation, Petitioner,
v.
James A. CAMPBELL, Charles Anthony Farina and Robert B. Turner, Respondents.
No. 77-1610.
District Court of Appeal of Florida, Fourth District.
August 9, 1978.
*815 John Greenfield of the Law Offices of Leo Greenfield, North Miami, for petitioner.
Steven H. Parton, Tallahassee, for respondents.
DOWNEY, Chief Judge.
Petitioner seeks review of a final agency order of the Division of Labor of the Florida Department of Commerce, which ordered petitioner to pay respondents certain sums found to be due under the prevailing wage rate on public work projects in Dade County.
Petitioner was the electrical, plumbing and air-conditioning sub-contractor for the State Project on the Florida International University Interama Campus in Dade County. Since the project exceeded $5000 in value, the Prevailing Wage Law applied requiring that certain minimum wages be paid to all laborers, mechanics and apprentices on the job.[1]
Respondent Campbell was employed by petitioner as a "helper," Farina as a "first class helper" and Turner as a "journeyman electrician" and later was given responsibility as a foreman. Each of the respondents was paid less per hour than was required by the prevailing schedule of wages applicable to the specified category of activity most nearly describing the respondent's work. Thus, the work performed by Campbell and Farina was similar to work done by laborers. Turner's work was that of an electrician and a foreman.
Each of the respondents learned he was being underpaid prior to filing his claim, yet all continued for a time to accept the wages paid by petitioner. Petitioner contends they thus waived the statutory requirement. Secondly, petitioner argues that there is no substantial competent evidence to support the finding that respondents' work fell into the categories determined by the agency.
We have reviewed the record presented and find adequate support for the conclusion of the Department, and we reject the waiver argument. The Legislature determined it to be the policy of the State to require the minimum wages be paid on public work projects commensurate with the prevailing rate of wages in the area in which the work is being performed. To effectuate its purpose the Act is to be liberally construed.[2] Acceptance of petitioner's contention would subvert the purpose of the Act simply by labeling job descriptions differently than as specified in the prevailing wage schedule. The evidence here supports a determination that Campbell and Farina were entitled to laborers' wages and that Turner was entitled to an electrician-foreman's wages.
Since the Legislature has mandated that minimum wages shall be paid on public works the contractor cannot assert waiver as a defense to defeat this legislative policy. "The doctrines of estoppel and waiver do not in general apply in transactions that are forbidden by statute or that are contrary to public policy." Montsdoca v. The Highlands Bank & Trust Company, 85 Fla. 158, 95 So. 666 (1923). Accordingly, the decision requiring payment of additional wages to respondents is in our judgment supported by the record.
Section 215.19, Florida Statutes (1975), provides in pertinent part that upon failure of a contractor to pay the prevailing wages an aggrieved employee can make such fact known to the contracting authority and the authority shall withhold an amount equal to the claim until final determination thereof. This procedure was followed in this case and the contracting authority withheld from petitioner the amount of respondents' claims. The statute also provides that upon settlement of the dispute or determination *816 of the matter by the Division of Labor the contracting authority shall pay the amount due to the complaining employee and pay the balance to the contractor. Here the order under review directs the petitioner to pay the entire sum found due to respondents. Respondents candidly admit that portion of the order should be modified.
Accordingly, the writ of certiorari is granted and the order under review is modified so as to direct the contracting authority to pay to the respondents out of the petitioner's funds withheld by the contracting authority the sums found to be due respondents and pay the balance of any such funds to petitioners.
CROSS and LETTS, JJ., concur.
NOTES
[1] Section 215.19, Florida Statutes (1975).
[2] Section 215.83, Florida Statutes (1975).