NESBITT, Judge.
After a childless marriage of twenty-five years, the parties were divorced by final judgment entered on January 31, 1977, which judgment awarded the wife rehabilitative alimony in the amount of $100 per week for a period of five years. On November 19, 1981, the wife filed a supplemental complaint praying for a modification of alimony. She alleged a change in circumstances created by the recent onset of blindness caused by diabetes. The husband filed a motion to dismiss which was granted.
The husband attempts to support the order appealed from on the basis that the original final judgment contained a provision which stated:
[A]ny change of the parties’ circumstances will not be considered in view of the parties’ being married to one another for so great a length of time.
He argues that the wife’s failure to appeal this provision is a bar to her subsequent attempt to modify alimony. We disagree and reverse.
By the enactment of Section 61.14, Florida Statutes (1979), the Legislature has expressed the public policy of the state favoring a modification of alimony in accordance with the changed circumstances of the parties. See § 61.14(3), Fla.Stat. (1979). That policy is strong enough, that even in the absence of a reservation of jurisdiction, the circuit court, upon application, may modify its award of alimony. See Pujals v. Pujals, 414 So.2d 228 (Fla. 3d DCA 1982) and cases cited therein. In considering a similar problem, the Supreme Court, in Chastain v. Chastain, 73 So.2d 66, 68 (Fla.1954), stated:
There was no appeal from the final decree of divorce awarding alimony and the time for appeal has long since expired. The needs, abilities and faculties of the parties were settled in that final decree and are now res adjudicata, except that of modifying the decree as to alimony in accordance with the public policy of *906 the State as it existed and as it is now declared to be by F.S. § 65.15, F.S.A. [now renumbered as 61.14]
Because of this significant public policy and its expression in the statute, we are compelled to reject the husband’s contention that the wife is estopped to claim a change of circumstances. It is well settled law that estoppel cannot operate to displace a statute or public policy. Montsdoca v. Highlands Bank & Trust Co., 85 Fla. 158, 95 So. 666 (1923); Corporation De Gestion Ste-Foy, Inc. v. Florida Power and Light Company, 385 So.2d 124 (Fla. 3d DCA 1980); 32 Fla.Jur.2d Judgments and Decrees § 97 (1981); 22 Fla.Jur.2d Estoppel and Waiver § 6 (1980). In the present case, to give effect to the husband’s contentions would be to ignore the express policy of this state.
For the foregoing reasons, the order dismissing the supplemental complaint for modification with prejudice is reversed with directions to reinstate for further proceedings.
Reversed and remanded with directions.