432 So.2d 1376 (1983)
Ida L. SALZ, Appellant,
v.
DEPARTMENT OF ADMINISTRATION, DIVISION OF RETIREMENT, Appellee.
No. 82-2115.
District Court of Appeal of Florida, Third District.
June 21, 1983.
*1377 DuFresne & Bradley and William DuFresne, Miami, for appellant.
Stanley M. Danek, Tallahassee, for appellee.
Before HENDRY, BASKIN and FERGUSON, JJ.
BASKIN, Judge.
We reverse the Final Order of the Division of Retirement rejecting the hearing officer's conclusions and denying appellant credit for eight years of teaching in a Missouri private school. When Mrs. Salz commenced her employment in Florida with the Dade County school system in 1955, she enrolled in the Teachers' Retirement System (TRS).[*] Upon inquiry in 1966, she was informed in writing by TRS that she could purchase eight years' credit for her Missouri teaching time. Accordingly, she made payments until November 28, 1977, representing the eight years' prior service credit. When she retired in June of 1981 and applied for retirement benefits, she was informed that the eight years' out-of-state service was not creditable because the school in which she taught, the Central Institute for the Deaf, was a private school. Mrs. Salz had relied upon the 1966 letter she received from TRS in deciding that she could afford to retire at age sixty-four, relying upon her pension which included the credit she had purchased toward retirement. Subsequently, the Division decided that the letter was the result of a clerical error or an oversight. As a consequence, in 1981, the director of the Division advised Mrs. Salz that the out-of-state service was not allowable, that her contribution would be returned, and that she would not receive retirement credit for the eight years between 1940 and 1948.
Mrs. Salz received an administrative hearing. At the conclusion of the hearing, the hearing officer determined that the Division was estopped to deny Mrs. Salz credit for the contested eight years' service. The Division, however, rejected the hearing officer's proposed order and denied Mrs. Salz credit for the eight years' service. Mrs. Salz contends that since she justifiably relied upon the representation made to her in 1966 by TRS, the Division of Retirement is estopped to deny her benefits.
The Division points out that applicable retirement benefits are governed by section 238.06(4), Florida Statutes (1965), which states in part:
[T]he Board of Trustees shall verify, as soon as practicable after the filing of the application, the statement of service therein claimed and shall issue to each person who becomes a member or any person with prior teaching service in the state who becomes a member of the retirement system, a prior service certificate certifying the length of service with which he is credited on the basis of his statement of service. Such prior service credit shall include credit for service rendered prior to date of establishment as a teacher within the state or in a similar capacity outside the state but not more *1378 than 10 years of credit for service outside the state shall be included. (emphasis added).
Also pertinent is section 238.01(4), Florida Statutes (1965), which states:
`Teacher' shall mean any member of the teaching or professional staff and any certificated employee of any public free school, ... (emphasis added).
Conceding that the hearing officer's Recommended Order must be accorded great weight unless it is clearly contrary to the intent of the statute, Austin v. Austin, 350 So.2d 102 (Fla. 1st DCA 1977), cert. denied, 357 So.2d 184 (Fla. 1978); Florida Dairy Farmers' Federation v. Borden Co., 155 So.2d 699 (Fla. 1st DCA 1963), the Division nevertheless argues, quoting Montsdoca v. Highlands Bank & Trust Co., 85 Fla. 158, 95 So. 666, 668 (1923), that "the doctrines of estoppel and waiver do not in general apply in transactions that are forbidden by statute or that are contrary to public policy." See Dade County v. Bengis Associates, 257 So.2d 291 (Fla. 3d DCA), cert. denied, 261 So.2d 839 (Fla. 1972); City of Miami Beach v. Meiselman, 216 So.2d 774 (Fla. 3d DCA 1968), cert. denied, 225 So.2d 533 (Fla. 1969); State ex rel. Schwartz v. City of Hialeah, 156 So.2d 675 (Fla. 3d DCA 1963).
Estoppel is established by proving "1) a representation as to a material fact that is contrary to a later-asserted position; 2) reliance on that representation; and 3) a change in position detrimental to the party claiming estoppel, caused by the representation and reliance thereon." Department of Revenue v. Anderson, 403 So.2d 397, 400 (Fla. 1981). Against a state agency, however, equitable estoppel will be applied only under exceptional circumstances. North American Co. v. Green, 120 So.2d 603 (Fla. 1959). The state may not be estopped for conduct resulting from a mistake of law. Anderson; Austin.
When Mrs. Salz asked TRA in 1966 whether she could purchase credit for the eight years she had taught at the Central Institute for the Deaf, TRS received information that the Central Institute was not a public school. It nevertheless allowed Mrs. Salz to purchase eight years' credit. TRS's mistaken belief that the Central Institute for the Deaf was a public school constituted a mistake of fact, not of law.
The Division argues that B.M. Kelley, who initially approved Mrs. Salz's purchase of the eight years' service, was not authorized to approve the purchase. The argument ignores the fact that the Division also approved the purchase. For fifteen years, Mrs. Salz relied upon the Teachers' Retirement System and then upon the Division's determination that she would be credited with the eight years' service. TRS had notice of the school's status for fifteen years; its mistake of fact, coupled with Mrs. Salz's reliance upon its representation that she would receive credit, constituted the special circumstances permitting equitable estoppel referred to in North American. Having demonstrated the special circumstances, a positive act (approving the purchase), and detrimental reliance (Mrs. Salz cannot regain her position), Mrs. Salz is entitled to the benefit of equitable estoppel. Killearn Properties, Inc. v. City of Tallahassee, 366 So.2d 172 (Fla. 1st DCA), cert. denied, 378 So.2d 343 (Fla. 1979); Jefferson National Bank v. Metropolitan Dade County, 271 So.2d 207 (Fla. 3d DCA 1972), cert. denied, 277 So.2d 536 (Fla. 1973).
Reversed and remanded for further proceedings.
NOTES
[*] TRS is administered by the Division of Retirement. § 238.03, Fla. Stat. (1981).