BASKIN, Judge
(dissenting).
Because I disagree with the procedures employed by the court, as well as with the merits of the new majority opinion on rehearing, I respectfully dissent.
My primary reason for dissenting from the majority is based upon my disagreement with the merits of its opinion. The majority opinion released today rests, not upon a solid legal foundation, but upon a purported offense to a “sense of justice.” The majority rejects years of case law standing for the proposition that “the doctrine of equitable estoppel is not applicable to transactions which are forbidden by statute or which are contrary to public policy,” [1] slip op. at 5 (May 14, 1984); instead, it declares that the State of Florida was guilty of “bureaucratic ineptitude and indifference.” Although the majority opinion is a compassionate response, it nevertheless reflects the individual sensibilities of judges rather than well-entrenched legal principles and offers little guidance for future cases. It is only through the passage of laws and the uniform interpretation of those laws that a “sense of justice” can benefit those who seek access to the courts.
My second disagreement with the majority is predicated upon the procedural context in which this opinion was issued. Following the issuance of the original majority opinion and dissent, appellant filed Motion for Rehearing and Motion for Rehearing En Banc. This court granted en banc review, permitting each litigant to file a supplemental brief. The cause was set for oral argument and heard by the entire court. At the conclusion of the argument, the full court retired to consider the case. During conference discussion, but before a vote of the full court could be taken, a member of the original panel decided to concur in the opinion of the original dissenter. As a result, the court’s new opinion is directed solely to the petition for rehearing. The opinion reflects only the views of two members of the original panel and adopts the original dissent. In a footnote, the majority vacates the order granting rehearing en banc.[2] I believe the court, by proceeding without adopting and publishing guidelines, has overlooked the purpose of the en banc rule expressed by the Supreme Court of Florida in Chase Federal Savings & Loan Association v. Schreiber, 9 FLW 313 (Fla. July 26, 1984).
The procedures employed by the court are cause for concern. By responding to Florida Appellate Rule 9.331 without establishing internal rules for the conduct of en banc proceedings and apprising counsel of the standards to be followed, the court may be subjecting itself to claims that its actions are arbitrary and selective rather than uniform and deliberate. The court’s procedures raise many questions which remain unanswered. Under what circumstances, for example, may a litigant who has been granted the right to brief and to argue before the en banc court expect a vote to be taken? What types of cases will be privileged to receive the benefit of the views of the entire court? At what stage *149 may en banc review be aborted in favor of consideration by a three-judge panel? These questions demonstrate the need for published rules. The adoption of internal rules is imperative not only to maintain uniformity, but also to provide due process rights to litigants. The purpose of the en banc rule is to attain uniformity; in the absence of rules insuring uniformity of treatment, the purpose of the en banc rule is vitiated and due process is ignored.
The majority opinion is procedurally infirm for another reason. By withdrawing its order granting en banc review, the majority necessarily concedes that the original, majority opinion contains no lack of uniformity with prior decisions of this court. Consequently, the matter is not ripe for en banc review. Since no legal basis for granting a petition for rehearing has been demonstrated, rehearing should have been denied as well. Thus, the court lacks jurisdiction to issue the present panel opinion. Hollander v. Hollander, No. 83-1581, 466 So.2d 268 (Fla. 3d DCA 1985) (Baskin, J. dissenting); see Meehan v. Celotex Corp., No. 82-122, 466 So.2d 1100 (Fla. 3d DCA 1985) (Hubbart, J. dissenting).
For these reasons, I adhere to the views expressed in the original opinion and would affirm the order appealed.

. See Dade County v. Bengis Assoc., Inc., 257 So.2d 291 (Fla.3d DCA), cert. denied, 261 So.2d 839 (Fla.1972); City of Miami Beach v. Meiselman, 216 So.2d 774 (Fla. 3d DCA 1968), cert. denied, 225 So.2d 533 (Fla.1969); State ex ret. Schwartz v. City of Hialeah, 156 So.2d 675 (Fla. 3d DCA 1963).

' I find no authority permitting two judges to vacate an order entered by an en banc court.