PER CURIAM.
Christopher Rayborn, an employee of Jackson Memorial Hospital, appeals from an administrative order determining that he is not entitled to retirement benefits pursuant to the Florida Retirement System [FRS]. We affirm.
Between 1988 and 1991 Rayborn was employed full-time as a registered nurse at Jackson, which at the time was an FRS participating employer. Rayborn left Jackson’s employ for three years, then returned to Jackson in June of 1994 as a “temporary relief/pool nurse.” In that position, Rayborn was paid at a higher rate than full-time nurses but was eligible for no benefits. The employee handbook he received listed the benefits for which he was not eligible; it did not mention retirement benefits. When he returned to Jackson in June of 1994, Jackson erroneously reported his status to the Division of Retirement as a full-time employee in a regularly established position who participated in FRS. That was admittedly an error, and was corrected in 1996 when his reported status was clarified to be “on call/pool nurse.” In 1998, Rayborn accepted a full-time nurse position with Jackson with benefits. However, by 1998 Jackson was no longer a participating FRS employer.
Upon inquiring about his retirement status, Rayborn was told that he was excluded from FRS participation. In November 1999, the Department issued a final agency action denying Rayborn’s request for FRS “reinstatement.” Following an administrative hearing, the Department denied Rayborn’s request for reinstatement in the FRS based upon a finding that he had been employed as a temporary reliefipool nurse, receiving a higher rate of pay but no retirement benefits. He now appeals.
Through testimony presented at the administrative hearing, Jackson established that pool nurses received substantially higher wages and were offered more flexible schedules than full-time nurses; however, pool nurses did not receive the employee benefits available to full-time nursing staff. It is clear from the record that Rayborn was employed as a pool, or temporary nurse when he returned to Jackson in 1994, and in such a position, he was not entitled to participate in the Florida Retirement System.[1] See Hillsborough County Hospital Auth. v. State Dep’t of Admin., 495 So.2d 249 (Fla. 2d DCA 1986) (holding that pool nurses who occupied temporary positions were not members of the Florida Retirement System).[2]
Although Jackson mistakenly enrolled Rayborn in FRS between 1994 and 1996, that error does not estop the agency from now denying his entitlement to those benefits.
In Florida, equitable estoppel consists of four elements: (1) a representation by the party estopped to the party claiming the estoppel as to some material fact; (2) which representation is contrary to the condition of affairs later asserted by the estopped party; (3) a reliance upon the representation by the party claiming the estoppel; and (4) a change in the position of the party claiming the estop- *749 pel to his detriment, caused by the representation and his reliance thereon.
Florentino v. State Dep’t of Admin., 463 So.2d 338, 341 (Fla. 1st DCA 1985); see also Kuge v. State Dep’t of Admin., 449 So.2d 389 (Fla. 3d DCA 1984); Salz v. State Dep’t of Admin., 432 So.2d 1376 (Fla. 3d DCA 1983). Rayborn nowhere alleged or established that he had in fact changed his position relying on any representation by his employer or the agency, or that any such reliance was detrimental to him.
AFFIRMED.

. It is also clear from the record that Ray-born’s employment as a registered nurse with Jackson has been exemplary.

. In Hillsborough County, the second district cautioned that its decision "will not sanction the wholesale use of a pool as a vehicle to deprive persons, who are otherwise regularly employed, of the benefits of the Florida Retirement System.” 495 So.2d 249, 253.