62 So.2d 418 (1953)
GROSS
v.
CITY OF MIAMI.
Supreme Court of Florida, Division B.
January 9, 1953.
William W. Charles and Martin Dillon, III, Miami, for appellant.
John E. Cicero, Miami, for appellee.
ROBERTS, Justice.
Herman Gross, the appellant here, acquired a retail liquor license of the type "Series 4 COP", which authorized him to operate in Dade County a place of business where consumption of liquor on the premises is permitted. Section 561.34(4), Florida Statutes, F.S.A. When originally issued, the place of business covered by this license was located in an area within the City in which sale of liquor for consumption on the premises was permitted by the City. Thereafter, the City zoned this area as "B-1", that is, one in which package stores only were permitted, but the retail liquor license in question was not revoked, in accordance with the policy of the City as to existing non-conforming uses.
The appellant, desiring to transfer the license to a new location within the same B-1 zone and less than 400 feet from the old location, made application to the City Commission of the City of Miami for permission to do so; and, on February 6, 1952, by Resolution No. 24123, the City Commission "transferred" the license in accordance with the appellant's request, and as authorized by Ordinance No. 3476 of the City, which ordinance provides that liquor licenses may be transferred to another location within the same zone and within 400 feet of the previous location if "the same shall not otherwise be in violation *419 of the existing zoning laws, except as to distance between established licensees."
Thereafter, on February 28, 1952, the appellant applied for a building permit to make the necessary alterations at the new location to convert it into a cocktail lounge and bar. There appears on the application for the building permit the following notation: "Note: Liquor bar subject to approval of City Commission." It is also noted on the plan for remodeling submitted with such application that "Note: Liquor Bar subject to approval of City Commission" with the initials "F.S.", and further that "Note: Bar will not be used until Resolution # 24123 is clarified" to which is affixed the signature of Herman J. Gross, the appellant.
The building permit was issued on March 6, 1952. Thereafter, on April 14, 1952, the City Planning and Zoning Board granted to the appellant a variance permitting the transfer of the license to the new location. The matter was again brought before the City Commission on May 7, 1952, which by a vote of 3 to 2 refused to over-ride the recommendations of the Planning Board, but later by a vote of 2 to 3 refused to grant to appellant a variance under the zoning ordinance.
Appellant thereupon filed this suit, alleging most of the above-noted facts, and also that he had made extensive alterations at the new location in reliance on Resolution No. 24123. He prayed that the City be enjoined from arresting him in the operation of his business at the new location. The appellee, City of Miami, answered, alleging among others that the appellant knew that he was required to obtain a variance permit from the City Commission before occupying the new premises, and that Resolution No. 24123 authorizing the change of location was not sufficient as a "variance" of the zoning ordinance of the City.
Testimony was heard by the Chancellor on the issues made, and final decree was entered. The Chancellor found that the City was not estopped to question the appellant's right to operate a bar without obtaining a variance permit for two reasons: first, that the appellant was charged with knowledge as to the conditional limitation of the Commission's permission, and, second, that the appellant had actual knowledge before he spent the money on improvements, that a variance permit was a necessity. There was no error here.
While the principles of equitable estoppel may in a proper case be invoked against a city, see Texas Co. v. Town of Miami Springs, Fla., 44 So.2d 808, we do not think that the appellant here has made out a sufficient case to require the court to do so. "One of the essential elements of an estoppel is that the party asserting the estoppel must show that he relied upon the conduct of his adversary and changed his position in reliance thereon, and that he would consequently be injured by an assertion of the truth; or that the other party has benefited by his former position." L.B. Price Mercantile Co. v. Gay, Fla., 44 So.2d 87, 90. The evidence is ample to sustain the finding of the Chancellor that the appellant "had actual knowledge before he spent the money on improvements that a variance permit was a necessity," and under such circumstances no estoppel can be invoked against the city.
It is also contended on behalf of appellant that the City had no authority to limit sales of liquor in the B-1 zone to sales from package stores, only, citing Simpson v. Goldworm, Fla., 59 So.2d 511, 512. The Simpson case is not authority for such contention. It was held in that case that the legislative grant of power to cities to "establish zoning ordinances `restricting the location wherein a vendor licensed under § 561.34 may be permitted to conduct his place of business'", Section 561.44, Florida Statutes, F.S.A., could not be interpreted as authority to the cities to specify the manner in which liquor should be dispensed for consumption on the premises. An ordinance zoning an area of the city as a "package store" area is a regulation of the "location of places of business" of a liquor licensee, and is not a regulation of the "method of sale" of *420 liquor in the sense in which such term was used in the Simpson case.
No error having been made to appear, the decree appealed from should be and it is hereby
Affirmed.
SEBRING, C.J., and MATHEWS and DREW, JJ., concur.