216 So.2d 774 (1968)
CITY OF MIAMI BEACH, Florida, a Municipal Corporation, et al., Appellants,
v.
Samuel J. MEISELMAN, Appellee.
No. 68-470.
District Court of Appeal of Florida. Third District.
December 17, 1968.
Rehearing Denied January 17, 1969.
Joseph A. Wanick, City Atty., and Ira Elegant, Asst. City Atty., for appellants.
Greene, Rodenberg & Layne, Miami, for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and SWANN, JJ.
PER CURIAM.
The City of Miami Beach, Florida, appeals from a final order permanently enjoining it from "interfering in any way with the maintenance and use of the `Fly Delta' sign" located on appellee's building in that city.
We reverse. The city issued a building permit on October 16, 1967, which described the work to be done as "flat wall sign  Fly Delta." The city ordinance does not limit the size of flat signs, and they are defined as:
"any signs erected parallel to the face of or on the outside wall of any building and supported throughout their length by such wall; or any signs in any way applied flat against walls."
"Roof signs" are defined in the ordinance as "Any signs erected completely over the roof of any building," and are limited in size to 224 square feet.
The record reveals that appellee erected on the roof of his commercial building in Miami Beach a large, flashing red neon sign. It operates day and night, and is 437 square feet in area, and reads "Fly Delta."
The Fly Delta sign was clearly a roof sign under the ordinance regardless of what it may have been called, by some of the persons involved in its erection. It exceeds the permissible limitations for the size of roof signs under the ordinance.
The city is not estopped under the circumstances herein to revoke a permit which had been obtained in violation of its ordinance. See Gross v. City of Miami, Fla. 1953, 62 So.2d 418; Abenkay Realty Corp. v. Dade County, Fla.App. 1966, 185 So.2d 777; *775 62 C.J.S. Municipal Corporations § 173; 53 C.J.S. Licenses § 44b.
The final decree herein appealed is, therefore, reversed and the cause remanded for action consistent herewith.
It is so ordered.