**CHAMPLAIN BUILDING CORP., et al v. TOWN OF SURFSIDE, et al.**
No. 74-14180.
Circuit Court, Dade County.
August 6, 1974.

Mark Casper, Miami, and Marvin Green, Miami Beach, for the plaintiffs.

Alan H. Rothstein, Miami, for the defendants.

ALAN R. SCHWARTZ, Circuit Judge.

This action was tried before the court. Based upon the evidence presented, and having considered the argument and memoranda of counsel, the court makes the following —

*Findings of fact and conclusions of law*

1. The building proposed to be built by the plaintiffs and apparently authorized by building permit No. 14445 would be in clear violation of the applicable density and setback regulations of the town of Surfside since the building would not be beyond the required distance from the "existing bulkhead line." This is true for two separate reasons —

(a) Insofar as the town's own building regulations are concerned, it is clear that the term "bulkhead line," as used in those regulations must and does refer to the "bulkhead line" as fixed in another portion of the same body of law, §6-20, of the Code of the Town of Surfside.

(b) Even if the term "bulkhead line" should be deemed to refer to the "official" and "legal" applicable "bulkhead line within the limits of the town of Surfside, *that* line is fixed by the mandatory and conclusive operation of the law, as contained in F.S. §253.122(1) as precisely the same line as that already fixed by the town of Surfside itself. The statute specifically states that any bulkhead line theretofore fixed by a municipality prior to the *county* determination for which it provides — as was this one — *"shall* be accepted and adopted . . ." as part of the county "bulkhead line" within the limits of the municipality concerned.

2. Since the proposed building was thus in violaiton of the applicable and valid zoning and setback regulations of the town of Surfside, and would therefore have involved violations of the law, it follows that the doctrine of equitable estoppel could not, as a matter of law, be employed — even if the facts otherwise justified its application — so as to permit the violations to occur. E.g., City of Miami Beach v. Meiselman, Fla. App. 1968, 216 So.2d 774, and cases cited.

3. Moreover, the circumstances under which the permit was obtained would not, under any circumstances give rise to an equitable estoppel as against the town even if the *law* — as it does not — otherwise permitted it. Nothing done by the town officials affirmatively induced the plaintiffs to rely upon any understanding that their violations would be permitted. Indeed, the plaintiffs could not even have been lulled into such reliance by the silence of the defendants' officials, since the plans and other representations submitted by the plaintiffs to the defendants not only did not demonstrate affirmatively that the violations *would* occur, but strongly indicated that they were *not* involved in the proposed construction. Under these circumstances, the doctrine of equitable estoppel cannot apply. Godson v. Town of Surfside, Fla. 1942, 8 So.2d 497.

### Final judgment for defendants

Based upon the foregoing, it is considered, ordered and adjudged that final judgment should be and the same is hereby entered against the plaintiffs herein and in favor of the defendants herein, who shall go hence without day. Costs to be taxed upon appropriate motion.