388 So.2d 1292 (1980)
DADE COUNTY, Appellant,
v.
Mark GAYER and Arlene Gayer, His Wife, Appellees.
No. 80-751.
District Court of Appeal of Florida, Third District.
September 30, 1980.
Rehearing Denied November 4, 1980.
*1293 Robert A. Ginsburg, County Atty., and Robert L. Krawcheck, Asst. County Atty., for appellant.
Guy Spiegelman, Miami Beach, for appellees.
Before HUBBART, NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
By petition for common law certiorari, Dade County seeks to quash an order entered by the Appellate Division of the Circuit Court of the Eleventh Judicial Circuit, which had entertained the Gayers' petition for common law certiorari and quashed a resolution adopted by the Board of County Commissioners, which unanimously denied the Gayers a non-use variance of zoning regulations, set-back requirements, and subdivision regulations.
Since the final judgment, entered by the trial court on review of the administrative action, has not otherwise been made directly appealable to the Supreme Court, it is, under plain construction of Article V, Section 4(b)(1) of the Florida Constitution, reviewable here by way of appeal. Allapattah Community Association, Inc. of Florida v. City of Miami, 379 So.2d 387, 392 (Fla. 3d DCA 1980); United Teachers of Dade v. Save Brickell Avenue, Inc., 378 So.2d 296 (Fla. 3d DCA 1979). Consequently, we treat the instant application for certiorari as a plenary appeal.
The Gayers commenced construction of a coral rock wall surrounding their residence. They had neglected to secure a building permit from the Dade County Building and Zoning Department for this project. After a complaint was lodged against the unauthorized construction, they applied to the Building and Zoning Department for a building permit. The application was for a permit to build a wall containing a set-back of ten feet inside the property line. The sketch submitted by the Gayers was confirmatory of their request. The permit was issued in March, 1978, following which the Gayers resumed construction of their wall, which was ultimately erected into the public right-of-way. Construction was again halted in July of 1978 when the Gayers were cited for violations consisting of constructing a wall into the publicly owned right-of-way and not in accordance with the building permit.
The Gayers then applied to the Zoning Appeals Board for a "non-use variance of zoning regulations, set-back requirements and variance of subdivision regulations with requirements that no structures shall be permitted in a mapped street... ." The Zoning Appeals Board approved the application for this variance but recognized that some safety hazards were presented and recommended that either a flashing light be put up or that some other safety measures be taken to maintain safety in the area. At the hearing before the Zoning Appeals Board, the Gayers admitted to being advised of the set-back requirements and stated that they thought the ten-foot set-back requirement simply meant ten feet from the pavement.
The approval of the application for the variance was then appealed to the Board of County Commissioners who, by resolution, rejected the recommendation of the Zoning Appeals Board, denied the application for the variance, and ordered that the coral rock wall be removed.
The Gayers then filed a petition for common law certiorari which was heard by the Appellate Division of the Circuit Court. The Circuit Court, in turn, vacated and set aside the resolution of the Board of County Commissioners upon finding that a permit had been "issued in error" and the Gayers had acted in reliance thereon at their considerable expense and that the county was therefore estopped from ordering the removal of the wall.
*1294 Dade County now brings this petition for writ of certiorari seeking to quash the Circuit Court's "Order of Reversal." As stated, the Circuit Court's order was premised on a finding that the permit had been "issued in error." Exactly what the "error" was, if any, is somewhat confusing. The planning director initially testified that the permit had been issued in error but later corrected his statement by indicating that it had not been so issued. Perhaps the "error" arose from the finding of the Zoning Appeals Board that both parties knew where the wall was to be constructed and that construction ensued for four months from the issuance of the permit until the citation for the violations. In light of the favorable finding on behalf of the Gayers before the Zoning Appeals Board, this matter is not of critical importance. We do, however, point out that neither this court nor the Appellate Division of the Circuit Court is permitted to re-weigh conflicting evidence and is primarily relegated to assaying the record to determine whether the applicable law was applied in accordance with established procedure. Metropolitan Dade County v. Mingo, 339 So.2d 302 (Fla. 3d DCA 1976).
The county contends that estoppel is not applicable to sanction acts which are prohibited by law. To indicate that the building of the wall in its present location is such a prohibited act, the county relies upon Section 28-18 of the Code of Metropolitan Dade County which provides:
No building or any other type of structure shall be permitted on, or in, a mapped street, except required and approved underground installations.
For the proposition that estoppel will not lie for prohibited acts, the county cites Dade County v. Bengis Associates, Inc., 257 So.2d 291, 292 (Fla. 3d DCA), cert. denied, 261 So.2d 839 (Fla. 1972), where this court held:
The state, or its political subdivision is not ordinarily estopped by the unauthorized acts of its officers. Greenhut Construction Company v. Henry A. Knott, Inc., [247 So.2d 517 (Fla. 1st DCA 1971)].
The rule has also been applied by this court in City of Miami Beach v. Meiselman, 216 So.2d 774 (Fla. 3d DCA 1968), cert. denied, 225 So.2d 533 (Fla. 1969), where it was held that the city was not estopped to revoke a building permit for a "roof sign," which was in violation of a city ordinance.
The Circuit Court, in its order, and the Gayers, in this appeal, rely upon the case of Hollywood Beach Hotel Company v. City of Hollywood, 329 So.2d 10 (Fla. 1976) as support for estopping the county from requiring removal of the wall. On close examination, however, that case buttresses the position which the county asserts. In Hollywood Beach Hotel Company v. City of Hollywood, supra, at 15 our Supreme Court held that "[t]he doctrine of equitable estoppel may be invoked against a municipality as if it were an individual... ." Prior to that decision, our Supreme Court recognized, in Montsdoca v. Highlands Bank & Trust Co., 85 Fla. 158, 163, 95 So. 666, 668 (1923), that: "[t]he doctrines of estoppel and waiver do not in general apply in transactions that are forbidden by statute or that are contrary to public policy." Accord, Sherba Bros., Inc. v. Campbell, 361 So.2d 814 (Fla. 4th DCA 1978); State ex rel. Schwartz v. City of Hialeah, 156 So.2d 675 (Fla. 3d DCA 1963). Hollywood Beach Hotel Company allows one to invoke the doctrine of estoppel against a municipality in the same manner as it applies to private parties. In Montsdoca, it was held estoppel could not be asserted against private parties for acts prohibited by law.
While at first blush it seems that the application of the rule may be harsh, it would be inconceivable that public officials could issue a permit, either inadvertently, through error, or intentionally, by design, which would sanction a violation of an ordinance adopted by the legislative branch of the government. Only the duly constituted members of the Metropolitan Dade County Commission enjoy that prerogative and then only in accordance with established procedure.
Hollywood Beach Hotel Company v. City of Hollywood, supra, and Sakolsky v. City of Coral Gables, 151 So.2d 433 (Fla. 1963), *1295 cited therein, relied upon by the Circuit Court in its order, did not involve estoppel for some act unauthorized or prohibited by law. Those cases, along with Town of Largo v. Imperial Homes Corporation, 309 So.2d 571 (Fla. 2d DCA 1975), are classic examples of an act that was legal when the government sanctioned it (by issuing a permit), but purportedly became illegal by virtue of a change in the political climate or by the governmental sanction later being withdrawn after a permittee had relied upon it to his financial detriment.
For the foregoing reasons, we find that the Appellate Division of the Circuit Court failed to apply the correct principle of law in resolving the doctrine of equitable estoppel which was presented to it.
Our disposition of the matter makes it unnecessary to consider the question of whether equitable estoppel could be invoked, where to do so would create a hazard or a public nuisance, or result in the annexation of public lands. We also do not address the question of whether there was a wrongful act committed by the Gayers which would prevent them from relying upon the doctrine of equitable estoppel.
The order of the Appellate Division of the Circuit Court of the Eleventh Judicial Circuit, quashing Resolution Z-184-79, Board of County Commissioners of Dade County, is reversed.