## MOEHLE v. CITY OF COCOA BEACH, FLORIDA
Case Nos. 87-11144-AP and 87-14126-AP

Eighteenth Judicial Circuit, Brevard County

July 12, 1988

### APPEARANCES OF COUNSEL

**John M. Starling,** Holland, Starling & Severs, P.A., for appellant.

**Walter E. Weller,** for appellee.

Before MOXLEY, WADDELL, HARRIS, JJ.

### OPINION OF THE COURT

JOHN DEAN MOXLEY, JR., Circuit Judge.

The appellant in these consolidated appeals asserts that Cocoa Beach should be equitably estopped from imposing a fine on the appellant and also requiring the appellant to comply with Section 5.2(J)(1) Appendix A of the Code of the City of Cocoa Beach. The requisite elements of equitable estoppel are set out as follows in *Jones v First Virginia Mtg. & Real Estate Inv.,* 399 So.2d 1068, 1074 (DCA 1918):

"Estoppel arises only where one with a legally recognizable interest in property (1) has made such a substantial change in his position, (2) in good faith reliance upon some act or omission of the government, that it would be highly inequitable and unjust to destroy (3) the rights he has acquired."

Examining the case *sub judice,* all the elements of equitable estoppel are present. The only issue is whether estoppel is applicable to sanction acts prohibited by law. Clearly estoppel will not lie for acts prohibited by law. *Dade County v Gayer,* 388 So.2d 1292 (DCA 3 1980), cert. den. 397 So.2d 777 (Fla. 1980). However, the Cocoa Beach Code provides that where no grade has been established, the height of the building may be measured from the mean elevation of the finish lot grade at the front of the building. City officials suggested a way of complying with the law that was lawfully within the definition of building height. THe height of the building now complies with the Code, and the City of Cocoa is estopped from denying that it does and from imposing a fine on appellant.

Reversed and remanded.

JUDGES TOM WADDELL, JR., and CHARLES M. HARRIS concur.