558 So.2d 504 (1990)
Richard NAMON and Henry Herman, Appellants,
v.
STATE of Florida, Department of Environmental Regulation, Appellee.
No. 89-2194.
District Court of Appeal of Florida, Third District.
March 20, 1990.
Katz & Weissman, Lehrman & Denker and Randall Denker, Tallahassee, for appellants.
Richard Grosso, Tallahassee, for appellee.
Before BASKIN, COPE and LEVY, JJ.
PER CURIAM.
Appellants, plaintiffs below, appeal an adverse summary judgment on a claim of inverse condemnation. We affirm.
In 1987 appellants Namon and Herman entered into an Agreement for Deed for a six acre parcel in unincorporated Dade County. The property is located in wetlands and is unimproved. Applicable Dade County zoning allows construction of one home per five acre tract. However, the land will not support construction of a home without the filling of a one-half acre area to support the homesite and allow drainage for a septic tank. Such filling is prohibited unless the Florida Department of Environmental Regulation (DER) and the Army Corps of Engineers consent and issue a permit.
Appellants applied for the permit, which was denied. Appellants did not appeal the denial of the permit, and for present purposes the denial is deemed to have been correct. Appellants then brought this inverse condemnation action, arguing that *505 they have been deprived of all beneficial use of the property. We disagree.
Appellants are deemed to purchase the property with constructive knowledge of the applicable land use regulations. Appellants bought unimproved property. A subjective expectation that the land could be developed is no more than an expectancy and does not translate into a vested right to develop the subject property. See Graham v. Estuary Properties, Inc., 399 So.2d 1374, 1382, 1383 (Fla.), cert. denied sub nom. Taylor v. Graham, 454 U.S. 1083, 102 S.Ct. 640, 70 L.Ed.2d 618 (1981) ("`[a]n owner of land has no absolute and unlimited right to change the essential natural character of his land so as to use it for a purpose for which it was unsuited in its natural state and which [injures] the rights of others"') (citation omitted); see also Ruckelshaus v. Monsanto Co., 467 U.S. 986, 1005, 104 S.Ct. 2862, 2874, 81 L.Ed.2d 815, 834 (1984) ("A `reasonable investment-backed expectation' must be more than a `unilateral expectation or an abstract need'"); Claridge v. New Hampshire Wetlands Board, 125 N.H. 745, 485 A.2d 287, 291 (1984) ("A person who purchases land with notice of statutory impediments to the right to develop that land can justify few, if any, legitimate investment-backed expectations of development rights which rise to the level of constitutionally protected property rights"); cf. Elwyn v. City of Miami, 113 So.2d 849, 852 (Fla. 3d DCA) ("One who purchases property while it is in a certain known zoning classification, ordinarily will not be heard to claim as a hardship a factor or factors which existed at the time he acquired the property."), cert. denied, 116 So.2d 773 (Fla. 1959). The property continues to exist in the state in which appellants have contracted to acquire it. Under the authorities just cited, there has been no compensable taking and no inverse condemnation. We therefore affirm.
On the particular facts of the present case, there is an additional reason for affirmance. The Agreement for Deed provided the following contingency:
Purchase is subject to approval at [sic] attached joint application to Department of Army/FL Department of Environmental Regulation to be submitted within 10 working days of contract acceptance. Payments will start on the 1st day of the second month following application approval.
Elsewhere the contract also stated, "THIS PROPERTY WAS NOT OFFERED FOR USE AS A HOMESITE AND NO REPRESENTATIONS AS TO ITS SUITABILITY FOR BUILDING PURPOSES WAS MADE OR IMPLIED." The contractual language created actual notice, in addition to constructive notice, that land use restrictions may preclude development of the property.
Affirmed.