570 So.2d 1006 (1990)
METROPOLITAN DADE COUNTY, Etc., et al., Appellants,
v.
FONTAINEBLEAU GAS & WASH, INC., Etc., et al., Appellees.
No. 90-1802.
District Court of Appeal of Florida, Third District.
October 9, 1990.
Rehearing Denied January 3, 1991.
Robert A. Ginsburg, County Atty., and Craig H. Coller, Asst. County Atty., John G. Fletcher, South Miami, for appellants.
Fine, Jacobson, Schwartz, Nash, Block & England and Gary S. Brooks, Miami, for appellees.
Before NESBITT, BASKIN and GODERICH, JJ.
NESBITT, Judge.
Metropolitan Dade County seeks reversal of the trial court's decision to enter a temporary injunction against the county. We reverse upon the following analysis.
In 1975, Trafalgar Developers filed an application with the county requesting a change in zoning from RU-5A Semi-professional Office to BU-1A Limited Business *1007 and a variance of zoning regulations pertaining to a wall requirement as to a parcel of land in Dade County. In the letter of intent accompanying the application, Trafalgar's lawyer indicated that the company would voluntarily offer a written covenant restricting use of the property to a bank or savings and loan. The county commission rezoned the subject property. A preamble to the zoning resolution clearly expressed that the county commission granted rezoning only for a bank or savings and loan and accepted the property owner's offer of a restrictive covenant and the county's option to enforce this restriction. No such restrictive covenant was ever recorded. Fifteen years and several owners later, appellees purchased the property, successfully sought all the necessary permits, and constructed a gas station. When construction was almost complete, the illegal use of the property was discovered. The county issued a stop work order. The present owners sought injunctive relief which was thereafter granted. The county then filed this appeal.
At the outset we observe that the county commission has entertained this matter and determined it would devote all its resources to stopping the gas station's construction. Therefore, the futility of requiring any further administrative action is apparent. See City of Miami Beach v. Sunset Islands 3 & 4 Property Owners Ass'n, Inc., 216 So.2d 509 (Fla. 3d DCA 1968); Cook v. Di Domenico, 135 So.2d 245 (Fla. 3d DCA 1961).
Owners are deemed to purchase property with constructive knowledge of applicable land use regulations. Namon v. Dept. of Environmental Regulation, 558 So.2d 504, 505 (Fla. 3d DCA 1990), review denied, 564 So.2d 1086 (Fla. 1990). See Allstate Mortgage Corp. of Florida v. City of Miami Beach, 308 So.2d 629 (Fla. 3d DCA), cert. denied, 317 So.2d 763 (Fla. 1975), citing McDaniel v. McElvy, 91 Fla. 770, 108 So. 820, 831 (1926). The Dade County Code contains clear provisions of which all property owners are on notice. The code creates various zoning categories, including the BU-1A, Limited Business District, section 33-246 Dade County Code, which is the basic set of regulations applicable to the subject property. If unrestricted, this category would permit a gas station on the subject property. Additionally, however, are the sections providing for further restrictions as to specific properties. Thus section 33-33 of the code provides that applications "may be granted subject to all reasonable restrictions and conditions deemed necessary... ." This power to subject property to further restriction is emphasized in section 33-315 of the code where the board of county commissioners is authorized to "take final action upon any and all matters and requests contained in the application... ." This section further provides that when final action has been taken by the board:
its record, together with a certified copy of its minutes and resolution pertaining to such action shall be transmitted to the Department for filing, and the same shall be open to the public... .
The application that was under consideration by the board when it enacted Resolution No. Z-93-75 was solely for the explicit use of the property as a bank or savings and loan. The county acted on that specific matter before it and approved, by resolution, the property's use as a bank or savings and loan. Pursuant to section 33-315 of the code, this resolution became part of the public record. Such a restriction on the property's use which was made in the public interest became binding upon the property. Walberg v. Metropolitan Dade County, 296 So.2d 509 (Fla. 3d DCA 1974).
Code section 33-3 provides for zoning maps to be kept in the Building and Zoning Department and for all modifications to be shown on these maps. Section 33-305 provides the board shall by resolution adopt, approve, and ratify the maps as originally adopted and as modified, amended, and changed by subsequent resolutions and also provides that the director shall maintain these maps.
Thus the public is on notice that the county applies the basic code provisions by resolution; that these resolutions which are *1008 passed subsequent to public hearing can modify districts and restrict property use; and that the rights of property owners can thus be limited. Anyone attempting to learn what, if any, use limitations apply to his property need only turn to the applicable resolution. The zoning map in the instant case contained a clear reference directing the reader's attention to Resolution Z-93-75.
Finally, since the property owners were bound by law to be on notice of the provisions of Section 33, they cannot claim detrimental reliance on the permit inadvertently issued by the county. See Godson v. Town of Surfside, 150 Fla. 614, 8 So.2d 497 (Fla. 1942). Resolution Z-93-75 demonstrates on its face that construction of a gas station would be illegal and that the property is limited to use as a bank or savings and loan. Therefore, while building permits were subsequently issued by government officials, estoppel will not lie for prohibited acts. Dade County v. Gayer, 388 So.2d 1292 (Fla. 3d DCA 1980), review denied, 397 So.2d 777 (Fla. 1981); see Greenhut Constr. Co. v. Henry A. Knott, Inc., 247 So.2d 517 (Fla. 1st DCA 1971); City of Miami Beach v. Meiselman, 216 So.2d 774 (Fla. 3d DCA 1968); cert. denied, 225 So.2d 533 (Fla. 1969) (city was not estopped to revoke "roof sign" building permit which was in violation of city ordinance). As pointed out in Gayer, while application of the rule may appear harsh,
it would be inconceivable that public officials could issue a permit, either inadvertently, through error, or intentionally, by design, which would sanction a violation of an ordinance adopted by the legislative hand of the government. Only the duly constituted members of the Metropolitan Dade County Commission enjoy that prerogative and then only in accordance with established procedure.
388 So.2d at 1294.
Accordingly, the temporary injunction is reversed.