710 So.2d 641 (1998)
Lisa AMMONS, Rolland Ammons, Jr., Precision Aluminum of Okeechobee, Inc., and Eva Miskinis, Appellants,
v.
OKEECHOBEE COUNTY, Code Enforcement Board of Okeechobee County, Florida, Martin O'Shea and Matthew Lightsey, Appellees.
No. 97-0552.
District Court of Appeal of Florida, Fourth District.
April 15, 1998.
*642 Robert J. Gorman of Robert J. Gorman, P.A., Fort Pierce, for appellants.
Frank G. Cibula, Jr. of Law Offices of Frank G. Cibula, Jr., West Palm Beach, and Johnson and Bussey, P.A., Rockledge, for appellees.

ON MOTION FOR REHEARING
WARNER, Judge.
We withdraw our previously issued opinion and substitute the following in its place. In all other respects, the motion for rehearing is denied.
This appeal arises from the trial court's entry of summary judgment in the appellants' suit against Okeechobee County and various individuals for their allegedly wrongful revocation of an occupational permit. We affirm in part and reverse in part.
In 1989, appellants planned to start an aluminum construction company in Okeechobee and needed a structure for storage of the aluminum construction materials. Appellant Lisa Ammons' mother owned property on 42nd Avenue in Okeechobee which the appellants bought to use as a site for their storage facility. They intended to build their home adjacent to the storage facility. They consulted an Okeechobee County zoning officer as to the suitability of the property for their planned purposes. According to the allegations of the complaint, the zoning officer advised them that they could accept deliveries of aluminum construction supplies at the subject location, and the county issued a building permit for construction of the "utility room."
About a month later, the appellants applied for an occupational license for their aluminum construction business at that location. The application for the occupational license included a statement by a county *643 zoning administrator that the property on which the business would operate was properly zoned for that purpose. The application indicated an "office in home" at an address on 3rd Avenue and a delivery address at the 42nd Avenue location. The county subsequently issued the occupational permit. The appellants then commenced their business, operating out of an office on 3rd Avenue and accepting deliveries of material and storing them at the 42nd Avenue address. Sometime thereafter, the appellants also applied for and received a building permit for their home on the 42nd Avenue property where the "utility room" was being built and where the deliveries for their business were received.
Approximately fifteen months later, the county attorney sent the appellants a letter informing them that they must cease all commercial activity at the 42nd Avenue site, because the county had erroneously issued the occupational license under the guise of a license for a "home occupation" and not a commercial enterprise such as the appellants' business. Their occupational license was subsequently suspended.
The appellants applied to the county for a special exception or a rezoning of the property so that they could carry on their commercial activity at the 42nd Avenue address, but they were turned down. In addition, the county issued orders finding appellants in violation of county ordinances and requiring the appellants to relocate their business.
Appellants filed suit in several counts against the county and the individuals involved with the issuance of their occupational license and building permit. Counts I and II sought an injunction against the county and the Code Enforcement Board, on the theory of equitable estoppel, to prevent the revocation of their occupational license and the enforcement of the zoning ordinances against them. Counts III and IV demanded damages against the county under 42 U.S.C. section 1983 for violations of substantive and procedural due process rights. Counts V and VI sought damages from all appellees for a denial of equal protection of the laws, and count VII demanded damages for a taking of the appellants' property. The appellants then filed an amendment to the complaint alleging two causes of action against another Okeechobee resident, Ms. Sales, and a member of the Code Enforcement Board, Mr. Lightsey, who was also named as a defendant in the original complaint. The gist of the count against Ms. Sales was for intentional infliction of emotional distress, and appellants also sought an injunction against both Ms. Sales and Mr. Lightsey to prevent further harassment by them.
The appellees, except for Ms. Sales, all moved for summary judgment which the trial court granted as to counts I through VI. It concluded that all of the dismissed counts sought equitable remedies which were not available to the appellants because equitable estoppel could not be asserted against the county. Consequently, the trial court entered two final judgments, disposing of the first six counts. This left remaining count VIII against Ms. Sales, count IX against Mr. Lightsey and Ms. Sales, and count VII, which was against the county only. When the appellants subsequently voluntarily dismissed the remaining counts against the county and against Mr. Lightsey, the trial court entered another final judgment in favor of all appellees.
As a preliminary matter, we hold that the appeal was untimely as to the Code Enforcement Board and the individually named defendants, except for Mr. Lightsey. All issues with respect to them were disposed of in the final judgment on December 31, 1996. An appeal should have been taken within thirty days of rendition of this order to confer jurisdiction upon this court. Florida Rule of Appellate Procedure 9.110(k) provides: "[i]f a partial final judgment totally disposes of an entire case as to any party, it must be appealed within 30 days of rendition." Since the plaintiffs did not appeal the judgment disposing of all claims against the individual defendants, except for Mr. Lightsey and the Code Enforcement Board, this appeal is not timely as to them and is hereby dismissed. We do find that the appeal is timely as to the county and Mr. Lightsey under Mendez v. West Flagler Family Ass'n, Inc., 303 So.2d 1, 5 (Fla.1974), as counts VII and IX, which were factually interrelated to *644 the other six counts of the complaint, were not disposed of until the voluntary dismissal.
Counts I and II of the appellants' complaint were based on the theory that the county was equitably estopped from revoking their occupational license because of the representations made to them during the application process, representations on which the appellants relied in expending substantial sums in the construction of both the utility room and their residence. In support of its motion for summary judgment, the county attached an affidavit of the zoning department official who had certified that the appellants' business was eligible for "home occupation" status, pursuant to the relevant ordinance. However, the official stated in his affidavit that the issuance of the license was in error because he had not complied with the requirements of the ordinance. An affidavit of the county attorney was also filed, attaching a letter to the appellants which had notified them that the occupational permit was issued in error. In ruling in favor of the county, the trial court determined that equitable estoppel could not be applied against the county.
First, it is clear that the use of the appellants' property on 42nd Avenue for business purposes violated the zoning ordinances. The property was zoned for residential uses, although the ordinance contained an exception for "home occupation" uses. However, to permit such use there could be no change to the outside appearance of the home, and no home occupation could be conducted in an accessory building. Clearly, where a separate building was constructed to store the business materials, this activity did not constitute a "home occupation." Appellant Lisa Ammons admitted in her deposition that after she received the occupational permit, she ran the business out of her 3rd Avenue office and not the 42nd Avenue property.
What occurred here, as appellant even admits, is that the zoning official made a mistake. The occupational license was issued because the zoning official certified that the property was properly zoned for the activity requested. This was not the case, as even a cursory reading of the zoning ordinances would reveal. The question is whether the county may be equitably estopped from revoking the occupational license based upon the zoning official's mistake.
In Corona Properties of Florida, Inc. v. Monroe County, 485 So.2d 1314 (Fla. 3d DCA 1986), a zoning official issued a building permit to a property owner, based upon his determination that the property owner's right to a second building permit had vested, and despite the fact that an amended ordinance decreased the density of dwelling units on the property. The owner had originally applied under the old ordinance, secured a building permit, commenced some work on the development, and then abandoned the project. The court held that where a zoning official did not have the authority to determine whether the owner had vested rights in the prior building permit or the authority to issue the building permit pursuant to the letter determining the vested rights, the county could not be estopped to revoke the issuance of the permit. Quoting from Dade County v. Gayer, 388 So.2d 1292, 1294 (Fla. 3d DCA 1980), the court said:
[w]hile at first blush it seems that the application of the rule may be harsh, it would be inconceivable that public officials could issue a permit, either inadvertently, through error, or intentionally, by design, which would sanction a violation of an ordinance adopted by the legislative branch of the government. Only the duly constituted members of the Metropolitan Dade County Commission enjoy that prerogative and then only in accordance with established procedure.
Corona, 485 So.2d at 1317. We agree with this reasoning. Here there is nothing but a simple, rather glaring mistake by the zoning official, which was completely unauthorized and in violation of the legislative direction through the county's ordinances. Estoppel cannot be asserted against a government entity based on mistaken statements of the law. See Branca v. City of Miramar, 634 So.2d 604, 606 (Fla.1994). The appellants were on constructive notice of the contents of the ordinance and are presumed to have constructive knowledge of the nature and extent of the powers of governmental agents who issue permits. See Godson v. Town of Surfside, 150 Fla. 614, 8 So.2d 497, 498-99 (1942). *645 The official did not have the authority to certify compliance with zoning regulations when the ordinance on its face precluded the activity which the appellants sought to conduct on the property. It would not serve public policy well to permit such mistakes to persist when they affect public welfare, like planning and zoning decisions do. Thus, the official could properly withdraw the unauthorized occupational license. We affirm the trial court's rendition of summary judgment on counts I and II.
With respect to counts III and IV, the appellants alleged causes of action for violation of their civil rights under 42 U.S.C. section 1983, asserting deprivations of substantive due process and procedural due process rights. Unlike counts I and II, these counts are not equitable actions. The appellants claim that they had a vested property right in the issued occupational license, sufficient to be protected by substantive due process rights. We disagree. An occupational license is merely the privilege, accorded by the state or its subdivisions, to conduct business at a particular location. The denial of such a license does not prevent a business owner from pursuing a lawful occupation; it merely prevents the business from operating at a particular location. As stated in McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994)(en banc), cert. denied by McKinney v. Osceola County Bd. of County Comm'rs, 513 U.S. 1110, 115 S.Ct. 898, 130 L.Ed.2d 783 (1995):
The substantive component of the Due Process Clause protects those rights that are "fundamental," that is, rights that are "implicit in the concept of ordered liberty".... [A]reas in which substantive rights are created only by state law ... are not subject to substantive due process protection under the Due Process Clause because "substantive due process rights are created only by the Constitution." As a result, these state law based rights constitutionally may be rescinded so long as the elements of procedural-not substantivedue process are observed.
(quoting Palko v. Connecticut, 302 U.S. 319, 325, 58 S.Ct. 149, 152, 82 L.Ed. 288 (1937) and Regents of Univ. of Michigan v. Ewing, 474 U.S. 214, 229, 106 S.Ct. 507, 515, 88 L.Ed.2d 523 (1985)).
The decision to revoke an occupational permit which has been issued in violation of the law does not strike at fundamental rights under the constitution. It therefore does not constitute a violation of substantive due process rights. Where a state-based right is revoked, it may be constitutionally rescinded where procedural due process is observed. See McKinney, 20 F.3d at 1556. In this case, the appellants received a hearing on the revocation. As the occupational license was never lawfully issued to begin with, appellants have received such procedural due process as is due them. We affirm the summary judgment on counts III and IV.
Counts V and VI alleged denials of equal protection of the law and demanded damages. The complaint states a cause of action and no affidavits were filed opposing its allegations. Thus, the county failed to meet its burden in moving for summary judgment of proving the nonexistence of any material fact. See Crandall v. Southwest Florida Blood Bank, Inc., 581 So.2d 593 (Fla. 2d DCA 1991); Fine Arts Museums Found. v. First Nat'l in Palm Beach, 633 So.2d 1179 (Fla. 4th DCA 1994).
For the foregoing reasons, we affirm the trial court's dismissal of counts I, II, III and IV of the complaint and reverse as to the dismissal of counts V and VI. We remand for further proceedings.
DELL, J., and PARIENTE, BARBARA J., Associate Judge, concur.