PER CURIAM.
Kathleen Versaci appeals a final order requiring her to repay $1,080 in benefits she received from the Department of Children and Families (Department).
When her nephew resided with her full-time, Versaci received $180 per month in cash assistance. After the child started school, he lived with his stepfather during the week and with Versaci on weekends. Versaci continued to receive cash assistance, even though the child did not live with her full-time.
Once the Department’s benefit recovery unit discovered that the child did not live full-time with Versaci, it cut off benefits, determined that $1,080 had been overpaid, and commenced proceedings to collect the overpayment from Versaci.
Versaci represented herself at the hearing below. She conceded that she received the money at issue, but contended that every cent went to benefit the child; she said she turned the funds over to the guardian ad litem or the Department caseworker who would take the money to the stepfather. She asserted that this proce *1195 dure was followed with the approval and participation of the Department.
In essence, Versaci raised the defense of equitable estoppel. It does not appear from the record that the hearing officer addressed the merits of such a defense. Therefore we remand for a new hearing where the sole issue 'will be whether the affirmative defense of equitable estoppel bars the Department from collecting the overpayment in this case. See Branca v. City of Miramar, 634 So.2d 604, 606 (Fla.1994); Ammons v. Okeechobee County, 710 So.2d 641 (Fla. 4th DCA 1998); Story v. State, Dep’t of Health & Rehab. Servs., 666 So.2d 989 (Fla. 4th DCA 1996); Lewis v. State, Dep’t of Health & Rehab. Servs., 659 So.2d 1255 (Fla. 4th DCA 1995); Warren v. Department of Admin., 554 So.2d 568 (Fla. 5th DCA 1989); Kuge v. State, Dep’t of Admin., Div. of Retirement, 449 So.2d 389 (Fla. 3d DCA 1984).
POLEN, GROSS, JJ., and McCARTHY, TIMOTHY P., Associate Judge, concur.