773 So.2d 1245 (2000)
TOWN OF LAUDERDALE-BY-THE-SEA, Florida, a Florida municipal corporation, Appellant,
v.
Warren MERETSKY and Anne Meretsky, his wife, Appellees.
No. 4D99-4194.
District Court of Appeal of Florida, Fourth District.
December 13, 2000.
Rehearing Denied January 17, 2001.
*1246 James A. Cherof, Town Attorney, and Michael D. Cirullo, Jr., Assistant Town Attorney, of Josias, Goren, Cherof, Doody & Ezrol, P.A., Fort Lauderdale, for appellant.
Robert A. Eisen of Law Office of Robert A. Eisen, Boca Raton, for appellees.
HAZOURI, J.
This is an appeal from a final summary judgment rendered by the trial court holding that the appellant, Town of Lauderdale-by-the-Sea (Town), did not abandon, vacate or otherwise convey any portion of a public right-of-way to the appellees, Warren and Anne Meretsky, but also holding that the Town granted the Meretskys a "permissive use" of a portion of the Town's public right-of-way. The Town also appeals from the denial of its motion for summary judgment on its counterclaim. We affirm in part and reverse in part.
The Meretskys own their residence at 4560 Tradewinds Avenue in the Town. It is on a corner lot and the cross street along the side of their house is Lombardy Avenue. Prior to February 1998, Anne Meretsky consulted with Town Code Officer Daniel Stallone regarding how the Town's zoning regulations would affect the placement of a swimming pool and wall enclosure they wished to build. Based upon these consultations, Anne Meretsky filed an Application for Zoning Variance which was reviewed by Stallone and corrected by him. The application requested permission "[t]o construct an enclosure around a pool on the south side of property 35 feet into south side set back [sic] and 10 feet into front set back [sic] west side."[1] In the application, the Meretskys only make reference to wanting to reduce the setback requirement so that they can build the wall and leave some room around the pool. There is no mention in the application that the Meretskys want to intrude into the public right-of-way; however, the survey map of the property attached to the application shows that the requested wall enclosure on the south side of the lot encroaches 10 feet into the Lombardy Avenue right-of-way.
Anne Meretsky submitted the application. On February 17, 1998, the Town Board of Adjustment held a hearing on the application and recommended denying the variance. On February 24, 1998, the Town Commission considered the Meretsky's application. The records of that meeting indicate that the discussion was limited to setbacks and not rights-of-ways. The Town Commission approved the variance request. The Meretskys contend that the Town Commission understood that the wall would be constructed outside of the property line of the residence and on the Lombardy Avenue swale. A building permit was issued to the Meretskys for the wall's construction and it was built on the grassy swale on the Town's right-of-way five feet from the pavement on Lombardy Avenue. As constructed, it presented a sight hazard at the intersection of Lombardy and Tradewind Avenues.
On September 9, 1998, the Town Commission directed the Town administration to take action to prevent further construction of the wall. The Town Municipal Services Director hand delivered a cease and desist order to the Meretsky's residence ordering work to stop on the wall immediately. At that point, all the cement block portions of the wall had been completed. Despite the issuance of the cease and desist order, the wall was completed.
*1247 The Meretskys' amended complaint sought a declaratory judgment finding their building permit valid and that the portion of Lombardy Avenue inside their wall was vacated and abandoned by the Town to the Meretskys. The Town answered the Meretskys' amended complaint and included a number of affirmative defenses and a counterclaim seeking injunctive relief and declaratory relief in order to have the wall removed from the Town's right-of-way.
The Town filed a motion for summary judgment as to Meretskys' amended complaint and the Town's counterclaim. At the summary judgment hearing, the Meretskys admitted that the property was not vacated or abandoned; however, in an affidavit Anne Meretsky stated that she relied on the variance and the building permit to build the pool and wall. She further stated that she would not have built the pool if she was not permitted to build the wall ten feet from the edge of the pool. She and her husband spent $39,662.80 on the wall and $74,662.80 on the entire project.
At the summary judgment hearing, the trial judge determined that the Town had granted the Meretskys a "permissive use" of the property. The amended final summary judgment states that there was no genuine issue of material fact. The trial court denied the Town's motion for summary judgment on its counterclaim, but granted final summary judgment on the amended complaint to the extent that it found that the Town did not abandon or vacate the right-of-way or grant a fee interest to the Meretskys. The trial court then concluded:
4. A request for Summary Judgment permits the Court to grant Summary Judgment to either party should the facts and law so dictate.[2] Accordingly, Summary Judgment is granted to Meretsky on Meretsky's Amended Complaint to the extent only that Meretsky is granted a permissive use of the Lombardy Avenue Right-of-way upon which the Wall sits and which is enclosed by the Wall. The Town, by virtue of the granting of the variance and the subsequent granting of building permits, did in fact grant to Meretsky a permissive use of that portion of the Lombardy Avenue Right-of-way upon which the Wall was constructed and which is enclosed by the Wall.
The Town argues that the Town Commission was without authority to grant the Meretsky's application to build the wall on the public right-of-way as its construction violates the Town's Code of Ordinances and state law. The Town also disagrees with the trial court's finding that the permission to build, i.e., the variance granted, is equivalent to an ordinance. The Meretskys respond that the Town Commission did have the authority to grant a permissive use of the grassy swale within its right-of-way and the town code does not prohibit the granting of it.
"[T]he general rule [is] that a `building permit issued in violation of law or under mistake of fact' may be rescinded although construction may have been commenced." Godson v. Town of Surfside, 150 Fla. 614, 8 So.2d 497, 498 (1942). The issuance of a building permit will not estop the government authority from enforcing its ordinances and revoking a permit which has been obtained in violation of its ordinance. See Corona Properties of Florida, Inc. v. Monroe County, 485 So.2d 1314 (Fla. 3d DCA 1986); Dade County v. Gayer, 388 So.2d 1292 (Fla. 3d DCA 1980). The Town asserts that Gayer is dispositive. We agree.
*1248 The Gayers began to construct a coral rock wall around their home without a building permit from the Dade County Building and Zoning Department. Someone made a complaint and the Gayers then applied for a permit to build a wall containing a setback of ten feet inside the property line and the sketch submitted confirmed this. A permit was issued but when construction resumed, the wall was erected into the public right-of-way. Construction was halted due to the violation.
The Gayers then applied to the Zoning Appeals Board for a "non-use variance of zoning regulations, set-back requirements and variance of subdivision regulations with requirements that no structures shall be permitted in a mapped street." The Zoning Board approved the application but required a flashing light be put up to maintain safety. The Gayers said they were advised of the setback requirements but thought the ten-foot setback meant ten feet from the pavement. This approval was appealed to the Board of County Commissioners who, by resolution, rejected the Zoning Boards's approval and ordered the wall be removed.
The Gayers petitioned for certiorari to the circuit court which set aside the Board of County Commissioner's resolution. Dade County then filed a petition for common law certiorari. Dade County contended that the doctrine of estoppel is not applicable to sanctioned acts which are prohibited by law. Under the Dade County code, "[n]o building or any other type of structure shall be permitted on, or in, a mapped street, except required and approved underground installations." In quashing the circuit court's order, thereby reinstating the denial of the variance, the third district stated:
While at first blush it seems that the application of the rule may be harsh, it would be inconceivable that public officials could issue a permit, either inadvertently, through error, or intentionally, by design, which would sanction a violation of an ordinance adopted by the legislative branch of the government. Only the duly constituted members of the Metropolitan Dade County Commission enjoy that prerogative and then only in accordance with established procedure.

Gayer, 388 So.2d at 1294 (emphasis added).
In the instant case, the Town asserts that its Code of Ordinances prohibits construction of the wall on the public right-of-way. Section 17-1, Town of Lauderdale-By-The-Sea Code of Ordinances provides:
Sec. 17-1. Obstructions prohibited.
It shall be unlawful to erect, build, construct, deposit or place, or to procure or cause to be erected, built, constructed, deposited or placed upon or in any street, or any place where the public has a right of passage, any house, cellar, stable, shed, fence enclosure, wall, foundation, or any other structure or any lot or part thereof abutting on a street, to permit any obstruction to remain upon the sidewalk in front of such lot, or part thereof; or permit any sidewalk in front of such lot or part thereof to remain in such condition as to prevent convenient and safe use thereof by the public.
The Meretskys argue that this ordinance applies only to obstructions to streets and sidewalks where the public has a right of passage and their wall does not obstruct a street or sidewalk. Although "right of passage" is not specifically defined, it is a place in addition to the "street" and includes the property owned by the Town alongside the street whether or not it has a sidewalk where the public can travel. Under section 861.01, Florida Statutes (1997), "[w]hoever obstructs any public road or established highway by fencing across or into same ... shall be guilty of a misdemeanor...." Public roads include city street systems. § 335.01, Fla. Stat. (1997). Section 334.03(23), Florida Statutes (1997), defines "road" as:

*1249 [A] way open to travel by the public, including, but not limited to, a street, highway, or alley. The term includes associated sidewalks, the roadbed, the right-of-way, and all culverts, drains, sluices, ditches, water storage areas, waterways, embankments, slopes, retaining walls, bridges, tunnels, and viaducts necessary for the maintenance of travel and all ferries used in connection therewith.
Section 334.03(22), Florida Statutes (1997), defines "right-of-way" as "land in which the state, the department, a county, or a municipality owns the fee or has an easement devoted to or required for use as a transportation facility."
It thus appears that whether through mistake on the part of the parties or through misrepresentation by the Meretskys, which the Town suggests, the Town Commission authorized an act contrary to its own ordinances and, therefore, its approval was ultra vires and void.
The trial court opined that the permissive use was on "the same level of an ordinance" but under section 166.041, Florida Statutes (1997), there are certain procedures to follow and requirements to be met in order to adopt an ordinance, none of which were followed here. Therefore, the Meretskys should not have been granted a permissive use of the right of way.
Based upon the foregoing, the trial court erred in its application of the law to this case. Summary judgment should not have been granted in favor of the Meretskys on the amended complaint.
The question remains as to whether the Town should or could be equitably estopped from requiring that the wall be removed, as sought in its counterclaim. A zoning authority may be equitably estopped to enforce a change in zoning regulations against one who has substantially altered his or her position in reliance on the original regulation and a building permit issued thereunder. See, e.g., City of Margate v. Amoco Oil Co., 546 So.2d 1091 (Fla. 4th DCA 1989). However, when there is no authority to grant the building permit, the governmental entity cannot be estopped from revoking the permit. Ammons v. Okeechobee County, 710 So.2d 641 (Fla. 4th DCA 1998); Metropolitan Dade County v. Fontainebleau Gas & Wash, Inc., 570 So.2d 1006 (Fla. 3d DCA 1990); Dade County v. Gayer, 388 So.2d 1292 (Fla. 3d DCA 1980); City of Miami Beach v. Meiselman, 216 So.2d 774 (Fla. 3d DCA 1968). The Meretskys were on constructive notice of the contents of the ordinance and are presumed to have constructive knowledge of the nature and extent of the powers of governmental agents who issue permits. See Ammons, 710 So.2d at 644. Therefore, the Town is not estopped from requiring that the wall be removed.
Based upon the foregoing, the trial court erred in not granting final summary judgment in favor of the Town on the counterclaim.
Accordingly, the final summary judgment on the amended complaint granting the Meretskys a permissive use of the right-of-way is reversed with directions to enter final judgment for the Town. The denial of the Town's motion for summary judgment on its counterclaim is reversed and the trial court is directed to enter final judgment on the Town's counterclaim requiring the Meretskys to remove the wall from the right-of-way. We affirm that portion of the final summary judgment that found that the Town did not abandon, vacate or otherwise convey any portion of the right-of-way to the Meretskys.
WARNER, C.J., and SHAHOOD, J., concur.
NOTES
[1] The minimum setback for the south side is 25 feet under the Town Code.
[2] The trial court granted a summary judgment for the Meretskys even though they did not file a motion for summary judgment. While the court is not wholly without authority to do that, the better practice is to require a timely motion. See First Union Nat'l Bank of Florida v. Maurer, 597 So.2d 429 (Fla. 2nd DCA, 1992); City of Pinellas Park v. Cross-State Utils. Co., 176 So.2d 384 (Fla. 2nd DCA 1965). We need not decide if this was appropriate here because we reverse the summary judgment for the Meretskys on other grounds.