DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CITY OF DELRAY BEACH,**
Appellant,

v.

**JOHN DELEONIBUS, SALLY DELEONIBUS,** and
**1250 CRAIN HIGHWAY LLC,**
Appellees.

No. 4D2023-0123

[January 31, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Samantha Schosberg Feuer, Judge; L.T. Case No. 502020CA011984.

Laura K. Wendell and Brett J. Schneider of Weiss Serota Helfman Cole & Bierman, P.L., Coral Gables, for appellant.

Todd A. Armbruster and Scott M. Zaslav of Zaslav & Armbruster, P.A., Coral Springs, for appellees.

FORST, J.

Appellant City of Delray Beach ("the City") appeals the trial court's grant of final summary judgment for appellees John DeLeonibus, Sally DeLeonibus, and 1250 Crain Highway LLC (collectively, "Homeowners") on Homeowners' equitable estoppel claims. The City challenges the trial court's determination that the City was estopped from: (1) disavowing permits which City building officials issued to Homeowners,[1] allowing an exception to the City's building height limitations; and (2) applying the City Commission's pertinent revised ordinance adopted after Homeowners had withdrawn their application for the exception. We agree with the City and reverse.

**Background**

---

[1] As explained below, this opinion labels the City's withdrawal of the exception seemingly granted by its building official as a "disavowal."

In early 2019, Homeowners submitted permit applications to the City to construct a three-story duplex on their property. Homeowners sought to construct a rooftop appurtenance (here, a rooftop terrace) on the duplex which would have exceeded the maximum height limitation allowed by the City's existing land development regulations. In July 2019, a City building official issued permits despite the proposed appurtenance violating the City's standard height limitation for that area. Homeowners commenced construction on the duplex.

However, in September 2019, the City disavowed the permits because Homeowners were required by the City's regulations to submit their application for the appurtenance exception to the City's Site Plan Review and Appearance Board ("the Review Board"):

> Appurtenances on Buildings: Appurtenances usually required to be placed above the roof level of a building and not intended for human occupancy may be allowed to extend above the height limitations contained in Subsection (K) *but only when specifically approved by action of the [Review Board]*.

§ 4.3.4(J)(3)(b), DELRAY BEACH, LAND DEV. REGULS. (2019) (emphasis added).

Homeowners subsequently applied to the Review Board and, in December 2019, the Review Board voted to approve Homeowners' proposed extension (with some modifications). However, less than one month later, the City Commission administratively appealed the Review Board's approval of the appurtenance extension to itself, rendering the Review Board's approval non-final and triggering a de novo evidentiary hearing by the Commission on Homeowners' requested extension. *See* § 2.4.7(E), DELRAY BEACH, LAND DEV. REGULS. (2019).

While the City Commission appeal was pending (the matter was delayed by several continuances requested by Homeowners), the City Commission adopted a resolution giving notice to the public that the City was considering amending section 4.3.4(J)(3)(b) with respect to rooftop appurtenances exceeding the City's maximum height limitations. The new ordinance would substantially limit a property owner's ability to construct appurtenances above the City's building height limitations.

The day before the City Commission's scheduled July 2020 hearing on the requested extension, Homeowners withdrew their pending 2019 appurtenance exception application and declared they would "complete construction pursuant to the Permit and previously approved plans."

2

In March 2021, the City Commission adopted Ordinance No. 02-21, lowering the maximum height for rooftop appurtenances and eliminating (or substantially curtailing) the opportunity to have the Review Board grant an exception to the height restrictions.

Having withdrawn their 2019 appurtenance exception application, Homeowners sued the City, seeking declarations that: (1) the City was equitably estopped from disavowing the permits "issued" by its building official; (2) section 4.3.4(J)(3)(b), the now-repealed ordinance, was unconstitutionally vague; and (3) the City was equitably estopped from enforcing Ordinance No. 02-21 against Homeowners and the property.

The parties filed cross-motions for summary judgment. The trial court granted Homeowners' motion, finding: (1) the City was equitably estopped from disavowing the 2019 permits; (2) the issue of whether the repealed ordinance (section 4.3.4(J)(3)(b)) was unconstitutional was moot; and (3) the City was equitably estopped from enforcing the new ordinance (Ordinance No. 02-21) against Homeowners and the property. The trial court also denied the City's motion. This appeal followed.

## Analysis

We review an order granting summary judgment de novo. *Roberson v. Enter. Leasing Co. of Fla., LLC*, 364 So. 3d 1097, 1100 (Fla. 4th DCA 2023). Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Constr. Consulting, Inc. v. Dist. Bd. of Trs. of Broward Coll.*, 347 So. 3d 14, 21–22 (Fla. 4th DCA 2022) (quoting Fla. R. Civ. P. 1.510(a)).

On appeal, the City principally argues the trial court erred in concluding the City was equitably estopped from "disavowing" the 2019 permits. The City maintains it "disavowed," and did not "revoke," the permits because the building official lacked legal authority to grant exceptions for appurtenances above the City's maximum height limitation. Thus, the City argues it could not revoke what was void from the outset. The City also argues it cannot be equitably estopped from enforcing the 2021 ordinance (No. 02-21) against Homeowners because Homeowners already had withdrawn their appurtenance extension application prior to both the City Commission's March 2020 hearing and the effective date of the 2021 ordinance.[2]

---

[2] The trial court's order granting Homeowners' motion for summary judgment found the City had waived its reliance on section 4.3.4(J)(3)(b) because the arguments of "illegality and lack of authority" were not raised by the City in a

Homeowners, as the party asserting equitable estoppel, have the burden to prove facts giving rise to the estoppel. *See City of Jacksonville v. Coffield*, 18 So. 3d 589, 596 n.6 (Fla. 1st DCA 2009) (citing *Jarrard v. Assocs. Disc. Corp.*, 99 So. 2d 272, 277 (Fla. 1957)).

### A. The Trial Court erred in concluding the City was estopped from disavowing the 2019 permits and requiring Homeowners to seek Review Board/City Commission approval.

The doctrine of equitable estoppel applies to a local government exercising its zoning power when a property owner has, in good faith, made such a substantial change in position or has incurred such extensive obligations and expenses upon some act or omission of the government, that destroying the right which the owner acquired would be highly inequitable and unjust. *City of Hollywood v. Hollywood Beach Hotel Co.*, 283 So. 2d 867, 869 (Fla. 4th DCA 1973), *rev'd in part on other grounds*, 329 So. 2d 10, 15–16 (Fla. 1976). However, equitable estoppel can be invoked against a governmental entity "only in rare instances and under exceptional circumstances." *State Dep't of Rev. v. Anderson*, 403 So. 2d 397, 400 (Fla. 1981).

Generally, "[a] citizen is entitled to rely on the assurances and commitments of a zoning authority and if he does, the zoning authority is bound by its representations, whether they be in the form of words or deeds." *Town of Largo v. Imperial Homes Corp.*, 309 So. 2d 571, 573 (Fla. 2d DCA 1975).

But "when there is no authority to grant the building permit, the governmental entity cannot be estopped from revoking the permit." *Town of Lauderdale-By-The Sea v. Meretsky*, 773 So. 2d 1245, 1249 (Fla. 4th DCA 2000); *see also Dade County v. Gayer*, 388 So. 2d 1292, 1294 (Fla. 3d DCA 1980) ("[I]t would be inconceivable that public officials could issue a permit, either inadvertently, through error, or intentionally, by design, which would sanction a violation of an ordinance adopted by the legislative branch of the government.").

---

preliminary pleading as affirmative defenses. This was error. When the City argued the building official lacked the authority to issue the permits, it was not raising an affirmative defense; rather, it was disputing essential elements of Homeowners' equitable estoppel claim. *See Rauch, Weaver, Norfleet, Kurtz & Co. v. AJP Pine Island Warehouses, Inc.*, 313 So. 3d 625, 629–30 (Fla. 4th DCA 2021).

Homeowners and the trial court focused on the fact that the City could have, and previously had, granted exceptions to the City's maximum height limitation. That may be true; the City does not argue to the contrary. Instead, the City contends it was merely requiring Homeowners to follow the process, established by City ordinances, to gain acceptance of their request to have an appurtenance exceeding the maximum height limitation for such structures. Under section 4.3.4(J)(3)(b), appurtenances exceeding the maximum height limitation "may be allowed . . . *but only when specifically* approved by action of [the Review Board]."

Homeowners were on constructive notice of the required Review Board/City Commission approval because "[a]n owner is legally obligated to examine the public records of the zoning authority and is on constructive notice of the ordinances, resolutions, and filed plans and restrictions governing a parcel of property." *Palm Beach Polo, Inc. v. Village of Wellington*, 918 So. 2d 988, 992–93 (Fla. 4th DCA 2006) (citing *Meretsky*, 773 So. 2d at 1249; *Metropolitan Dade County v. Fontainebleau Gas & Wash*, 570 So. 2d 1006, 1008 (Fla. 3d DCA 1990)).

Thus, Homeowners did not meet their burden of showing the City was equitably estopped from disavowing the 2019 permits. Equitable estoppel cannot be invoked against the City because the building official, not the Review Board/City Commission, approved Homeowners' application for a height restriction exception. *See Corona Props. of Fla., Inc. v. Monroe County*, 485 So. 2d 1314, 1317 (Fla. 3d DCA 1986) ("Ordinarily, a governmental entity may not be estopped from the enforcement of its ordinances by an illegally issued permit."). Under the ordinance in effect when the permits were "granted" in July 2019, the City's building official's decision to issue the permits was subject to review and approval, modification, or denial by the Review Board and, ultimately, by the City Commission. The City's disavowal of the permits granted by the building official was essentially a disavowal without prejudice to seek an exception through the review process set out by the City's ordinances. However, rather than see the approval process through, Homeowners withdrew their application and sued the City.

By virtue of separation of powers principles, the trial court is prohibited from preventing the City from exercising its legislatively-created authority to make the ultimate decision with respect to applications for permitting exceptions like the one at the center of this case. We therefore hold that the trial court erred in concluding the City was equitably estopped from disavowing the permits.

5

**B. The trial court erred in concluding the City was equitably estopped from enforcing the City's March 2021 ordinance (Ordinance No. 02-21).**

Homeowners also did not meet their burden of showing the City was equitably estopped from enforcing Ordinance No. 02-21, which would have effectively eliminated Homeowners' ability to request a zoning exception for an appurtenance exceeding the maximum height limitation. A property owner is entitled to rely on zoning ordinances in existence at the time a proper application is made, even if a zoning change is pending and equitable estoppel does not exist. *See Smith v. City of Clearwater*, 383 So. 2d 681, 688–89 (Fla. 2d DCA 1980). Under this rule, Homeowners normally could have relied on section 4.3.4(J)(3)(b) at the scheduled July 2020 hearing before the City Commission, because that ordinance was still in effect (and the modified ordinance did not take effect until March 2021).

However, Homeowners *withdrew their application* before the City Commission rendered a final decision. The homeowners' ability to rely upon the repealed ordinance hinged on the continued pendency of their 2019 application for an exception. *Cf. Bay Point Club, Inc. v. Bay County*, 890 So. 2d 256, 259 (Fla. 1st DCA 2004) (noting that a property owner may be entitled to rely on an authorized plan, but not on substantial changes to that plan). If Homeowners were to reapply post-March 2021 for an exception to the appurtenance height restriction, they would have to do so subject to the new ordinance, Ordinance 02-21. Thus, the trial court erred in concluding the City was equitably estopped from enforcing Ordinance No. 02-21 with respect to any new requests for exceptions.

## Conclusion

The City is entitled to summary judgment because it had the authority to disavow the 2019 permits without prejudice to Homeowners seeking approval of their construction exceptions through the designated review process. Homeowners' withdrawal of their application on the eve of the City Commission hearing ended the City's consideration thereof. Any new appurtenance extension application will be subject to the more restrictive 2021 ordinance.

Thus, the trial court erred in denying the City's motion for summary judgment and granting Homeowners' motion. This is not one of the rare or exceptional circumstances warranting the application of equitable estoppel against the government. Therefore, we reverse and remand for the trial court to vacate the grant of final summary judgment in favor of Homeowners and grant the City's motion for final summary judgment.

6

*Reversed and remanded with instructions.*

KLINGENSMITH, C.J., and KUNTZ, J., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**